CHARLES F. STRONG *vs.* HAVERHILL ELECTRIC COMPANY.

Essex.    February 10, 1938. — February 11, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division: appeal.

A finding by a judge in an action based on alleged negligence, "In the light of all the circumstances I do not find that the defendant was negligent," showed that he had given due consideration to all evidence pertinent to that issue of fact, and his refusal to rule that the evidence warranted a finding for the plaintiff was immaterial.

TORT. Writ in the Central District Court of Northern Essex dated December 7, 1936.

The Appellate Division for the Northern District ordered dismissed a report by *Moynihan,* J., who found for the defendant. The plaintiff appealed.

*W. M. Espovich,* (*W. S. Soroka* with him,) for the plaintiff.
*E. J. Garity,* for the defendant.

LUMMUS, J.    The defendant was found not liable for injury caused to the plaintiff when he tripped over a manhole cover maintained in a sidewalk by the defendant.    The cover projected about half an inch above the level of the sidewalk.    In the District Court the judge refused to rule, as requested in substance by the plaintiff, that the evidence warranted a finding in his favor.    Such a request is proper. Without a response to it by the judge, neither the plaintiff nor an appellate court could discover whether a general finding for the defendant was based upon a failure to find the facts essential to recovery, or upon an unexpressed and possibly erroneous ruling of law that the evidence was as matter of law insufficient to warrant a finding of those facts. It is not illogical to make, at the request of a plaintiff, such a ruling as was requested, and then to find generally in favor of the defendant upon a consideration of the evidence. If such a requested ruling has been refused, and nothing more appears than that a general finding for the defendant has followed, that general finding will be deemed the result of a ruling, implicit in the refusal of the ruling requested, that the evidence did not warrant a finding for the plaintiff. If the evidence did warrant such a finding, the refusal of the requested ruling is error, because the plaintiff has been deprived of the right to have the evidence considered upon the material issues of fact.    *Bresnick* v. *Heath,* 292 Mass. 293, 298, 299.    *Aronson* v. *Sol. & S. Marcus Co.* 292 Mass. 389, 394.    *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94–95.    See also *Long* v. *George,* 296 Mass. 574, 578.

In this case, however, the refusal of the requested ruling did not deprive the plaintiff of that right.    The judge did consider the evidence upon the crucial question of fact, and found as follows:    "In the light of all the circumstances I do not find that the defendant was negligent in the construction or maintenance of the manhole."    That finding supported and indeed required the general finding for the defendant. The result of the case does not depend upon the refusal to rule and the ruling implied in that refusal.    *Cameron* v.

*Buckley, ante,* 432.    It is therefore of no consequence, and we do not decide, whether the evidence warranted a finding for the plaintiff or not.

*Order dismissing report affirmed.*