IDA MARQUIS *vs.* PHILIP A. MESSIER.

AIME MARQUIS *vs.* SAME.

Essex.     March 6, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Practice, Civil,* Appellate Division: appeal, new trial; Requests, rulings and instructions; Findings by judge; Proceedings after rescript. *Law of the Road. Statute,* Repeal, Amendment. *Actionable Tort.*

A finding for the defendant in a district court determined by this court to have been warranted must stand notwithstanding a finding for the plaintiff justified by evidence at a second trial of the action erroneously ordered by the Appellate Division.

Findings by a judge, hearing an action based on alleged gross negligence of the defendant causing a collision, setting forth in detail the circum-

stances of the collision and concluding with a finding that the defendant was guilty of negligence but not of gross negligence, showed that he had given due consideration to all the evidence pertinent to the issue of fact of gross negligence, and rendered immaterial his refusal of a request by the plaintiff for a ruling that there was evidence sufficient to warrant a finding of gross negligence.

In an action of tort in a district court based in a first count on G. L. (Ter. Ed.) c. 89, § 5, for violation of §§ 1, 4, in 1935, and in a second count on gross negligence of the defendant, where the trial judge because of the enactment before the trial of St. 1936, c. 49, correctly ruled that no action could be maintained on the first count, but warrantably found for the defendant on the second count, this court, because of the enactment of St. 1938, c. 149, before its decision and because the year had passed within which an action under § 5 of c. 89 must be commenced, in ordering that the finding for the defendant stand, stated that the plaintiff should be allowed to reopen the case in order to rely on the rights preserved by St. 1938, c. 149, if the trial court should be of that opinion.

Two ACTIONS OF TORT. Writs in the Central District Court of Northern Essex dated February 1, 1936.

The cases were twice heard by *Moynihan*, J. The first hearing was after the enactment, with emergency preamble, of St. 1936, c. 49.

The Appellate Division for the Northern District on July 28, 1937, ruled in each action that there was prejudicial error at the first hearing in the judge's disposition of the plaintiff's request for a ruling, described in the opinion, and in his ruling "'as a matter of law that by virtue of St. 1936, c. 49, the plaintiff is not entitled to recover under counts 1 and 2 of the declaration'"; vacated the findings at that hearing and ordered a new trial. The defendant appealed.

At the second hearing, the judge found gross negligence of the defendant and found for the plaintiff Ida in the sum of $1,500, and for the plaintiff Aime in the sum of $292, after denying requests for rulings based on a violation of §§ 1 and 4 of G. L. (Ter. Ed.) c. 89, and ruling that "by virtue of St. 1936, c. 49," the plaintiffs were not entitled to recover under c. 89. His report to the Appellate Division was filed on March 10, 1938, nineteen days before the enactment, with emergency preamble, of St. 1938, c. 149. The report was ordered dismissed. The defendant appealed.

*T. G. Heyliger,* for the defendant.

*G. Karelitz,* (*S. Faraci* with him,) for the plaintiffs.

LUMMUS, J.   These cases have been tried twice. After findings for the defendant at the first trial, the Appellate Division found error and ordered a new trial. The second trial resulted in findings for the plaintiffs, and the Appellate Division dismissed a report in each case. The defendant appealed.

First we must consider whether there was error at the first trial. If there was none, the defendant is entitled to prevail, regardless of later proceedings. *Weiner* v. *Pictorial Paper Package Corp., ante,* 123, 128, 129, 134.

The declaration in the first case was in three counts. The first count was based on G. L. (Ter. Ed.) c. 89, §§ 1, 5. The second count was based on G. L. (Ter. Ed.) c. 89, §§ 4, 5. *Gallagher* v. *Wheeler,* 292 Mass. 547. The repeal of the part of § 5 giving a civil remedy by St. 1936, c. 49, destroyed these causes of action and prevented recovery on these counts, as the trial judge rightly ruled. *Pittsley* v. *David,* 298 Mass. 552. *Sullivan* v. *Cushing,* 299 Mass. 38. *Finnegan* v. *Checker Taxi Co.* 300 Mass. 62, 66. The third count, the only one now of importance, was for gross negligence causing bodily injury to the plaintiff in the first case, who was a guest of the defendant in an automobile operated by him on October 20, 1935, when the automobile came into collision with a street car. The declaration in the second case, brought by the husband of the plaintiff in the first case to recover consequential damages, follows in its counts the declaration in the first case.

The trial judge, after setting forth the circumstances of the collision in detail, found that the defendant was guilty of ordinary negligence but not of gross negligence. Gross negligence, of course, was essential to recovery. *Massaletti* v. *Fitzroy,* 228 Mass. 487. But the judge refused a ruling, requested by the plaintiffs, that the evidence was sufficient to warrant a finding of gross negligence. Unless the judge was prepared to rule that as matter of law the evidence was insufficient, and to end his consideration before reaching the question of fact, the better practice would have been to

give the ruling, even though, weighing the evidence upon the question of fact, he found that it did not prove gross negligence by a preponderance of the evidence. In other words, giving the ruling, and then finding for the defendant, would have been perfectly consistent. If the evidence did warrant though it did not require a finding of gross negligence, the refusal of the ruling requested would be error as implying a ruling that the defendant must prevail as matter of law, and as depriving the plaintiffs of their right to have the judge weigh the evidence upon the question of fact. All this is explained in *Strong* v. *Haverhill Electric Co.* 299 Mass. 455. See also *Cameron* v. *Buckley,* 299 Mass. 432, 434.

In the present cases, however, as in the *Strong* case, the plaintiffs apparently were not deprived of that right. Notwithstanding the refusal of that ruling, the judge apparently did consider all the evidence upon the question of fact whether gross negligence was shown by a preponderance of the evidence. His conclusion, "I find that the defendant was guilty of ordinary negligence but I do not find that he was guilty of gross negligence," was, as was the conclusion in the *Strong* case, a finding upon all the evidence, and not a mere legal consequence of a ruling of law implicit in the refusal of the ruling requested. The Appellate Division, after the first trial, should have dismissed the reports, and should not have ordered a new trial because of the refusal to give the ruling requested. The evidence did not require as matter of law a finding of gross negligence, even though it were held to warrant such a finding. There was no error at the first trial, and the findings for the defendant at that trial must stand.

Although we have decided the cases upon the record before us, as we must, the cases present an unusual feature. At the first trial there was a finding in favor of the plaintiffs of facts bearing upon liability under the law of the road, but the judge rightly ruled that the causes of action under that law were destroyed by St. 1936, c. 49. There was no such finding at the second trial, for that ruling had then been confirmed by *Pittsley* v. *David,* 298 Mass. 552. When the

reports after the second trial were made on March 10, 1938, nothing had happened to change the law as laid down in that case. The action of the Appellate Division in dismissing those reports on November 5, 1938, was based wholly upon a finding of gross negligence, which was held warranted upon the evidence and subsidiary findings. The plaintiffs now point out that by St. 1938, c. 149, approved March 29, 1938, St. 1936, c. 49, was amended by adding a second section providing that "This act shall in no way effect [*sic*] any cause of action which accrued prior to its effective date." Any rights preserved to the plaintiffs by that amendment must be enforced in the present actions if at all, for G. L. (Ter. Ed.) c. 89, § 5, limited the liability to "an action commenced within twelve months after the date of such violation." If the trial court should be of opinion that the plaintiffs ought to be allowed to rely upon the liability under the law of the road that St. 1938, c. 149, purports to preserve, we see no impediment to the reopening of the cases for that purpose, notwithstanding our rescript. *Long* v. *George*, 296 Mass. 574, 577, and cases cited. In each case the entry will be

> *Both orders of Appellate Division reversed.*
> *Finding for defendant at first trial to stand.*