ISRAEL HIMELFARB *vs.* NOVADEL AGENE CORPORATION.

Suffolk.    February 7, 1940. — March 25, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division decision.

No prejudicial error appeared in a denial by a judge of a District Court of a request by the defendant for a ruling that "upon all the evidence there is sufficient evidence to warrant the court in" making a certain finding favorable to the defendant "under all the circumstances," where the judge made specific findings in favor of the plaintiff which showed that he considered the evidence on the question of fact presented.

An Appellate Division, upon a report merely of the question whether the trial judge erred in denying a request for a ruling that the evidence warranted a finding for the defendant, was without authority, upon deciding that there was prejudicial error in the denial and vacating the judge's finding for the plaintiff, also to order the entry of a finding for the defendant.

TORT.    Writ in the Municipal Court of the Roxbury District of the City of Boston dated March 30, 1937.

The action was heard by *Eisenstadt,* J., who found for the plaintiff in the sum of $150.

*D. Gorfinkle,* (*J. Shair* with him,) for the plaintiff.

*E. C. McCabe,* for the defendant, submitted a brief.

Cox, J. This is an action of tort to recover for personal injuries. The Appellate Division for the Northern District found that there was prejudicial error in the denial of the defendant's first and second requests for rulings, which were as follows: "1. Upon all the evidence there is sufficient evidence to warrant the court in finding under all the circumstances of this case that the defendant was not negligent. 2. Upon all the evidence there is sufficient evidence to warrant the court in finding under all the circumstances of this case that the plaintiff was contributorily negligent." The trial judge also denied requests of the defendant other than those passed upon by the Appellate Division. The appeal brings before this court for consideration only rulings of law made by the trial judge and reported by him to the Appellate Division, and questions of law touching the action of the Appellate Division thereon. *Bresnick* v. *Heath,* 292 Mass. 293, 296.

The reported evidence discloses that on the day of the plaintiff's injuries he was employed as a plumber by the owner of the Silver Dollar Bar in Boston, and that employees of the defendant, at the same time, were installing a cooling system in the bar. The plaintiff had occasion to go up a circular stairway, which was twenty-eight or thirty inches in width. As he was returning, he saw a wooden crate, containing cooling apparatus that was to be installed by the defendant, wedged in the stairway and two or three of the defendant's employees trying to free it. Without being asked, the plaintiff volunteered his services and took hold of the crate in an effort to assist in dislodging it. After this attempt he removed his hands from the crate and stepped aside, but remained on the step close to the man next to him, who had hold of the crate and was attempting to free it. The man pulled a board which came off the crate with quick force and it came up and struck the plaintiff in the face. This is all the material evidence as to what happened.

The two requests in question were proper, see *Strong* v.

*Haverhill Electric Co.* 299 Mass. 455; *Marquis* v. *Messier,* 303 Mass. 553, and it was error to deny them unless, as matter of law, they were inapplicable, or unless the judge by clear and definite findings demonstrated that they were inapplicable or immaterial because of the findings. *Mericantante* v. *Boston & Maine Railroad,* 291 Mass. 261, 263. *Commonwealth* v. *Hull,* 296 Mass. 327, 336–337. See *Freeman* v. *Crowell & Thurlow, Inc.* 296 Mass. 514, 518. In addition to the general finding for the plaintiff and the assessment of his damages, the trial judge found as follows: "I find as a fact that the defendant was negligent and that the plaintiff was in the exercise of due care. I find as a fact that at the time the plaintiff received his injury he was not a volunteer nor was he rendering assistance. The plaintiff was standing in a place where he had a right to be when he received his injury."

For the reasons stated in *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, and *Marquis* v. *Messier,* 303 Mass. 553, we are of opinion that the judge did consider the evidence upon the crucial questions of fact presented and that his findings supported and required a general finding for the plaintiff. As was said in the *Strong* case at pages 456–457, where it was the plaintiff who asked a ruling of the same sort: "The result of the case does not depend upon the refusal to rule and the ruling implied in that refusal. *Cameron* v. *Buckley,* . . . [299 Mass.] 432. It is therefore of no consequence, and we do not decide, whether the evidence warranted a finding for the plaintiff or not." The case at bar is distinguishable from *Bresnick* v. *Heath,* 292 Mass. 293, 298, where, at most, there was a bare finding for the defendant and no recital of any findings of fact. It follows that there was no prejudicial error in the denial of the defendant's requests 1 and 2.

The Appellate Division, in addition to finding that there was prejudicial error in the denial of these requests, ordered the finding for the plaintiff vacated and the entry of a finding for the defendant. In so far as this order is based upon the conclusion that there was prejudicial error in the denial of the defendant's requests 1 and 2, it fol-

lows from what has been said that the order was not warranted.

In so far, if at all, as this order was based upon the conclusion that the evidence did not warrant a finding for the plaintiff, the Appellate Division was without authority to make it. There was no general request by the defendant for a ruling that the plaintiff was not entitled to recover. See *Spencer* v. *Burakiewicz*, 288 Mass. 83, 85. None of the rulings that were requested, if given, would have been decisive of the plaintiff's right to recover. The Appellate Division could not review findings of fact as such, and the circumstances of the case do not bring it within the provisions of G. L. (Ter. Ed.) c. 231, § 124. (See G. L. [Ter. Ed.] c. 231, § 110.) *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 221. The Appellate Division is designed to review questions of law shown on a report by the trial judge, and although by said § 110 it has all the powers relating to civil actions tried without a jury given by §§ 124, 125, 126 and 132 to the Supreme Judicial Court (see *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182, 184), there was no question of law presented in the case at bar, the decision of which warranted the order for the entry of a finding for the defendant. *Baker* v. *Davis*, 299 Mass. 345, 348, and cases cited. *Korb* v. *Albany Carpet Cleaning Co.* 301 Mass. 317.

It is unnecessary to recite in detail the other requests of the defendant that were refused by the trial judge and not passed upon by the Appellate Division, as we are of opinion that there was no reversible error. Some were not required to be given by the evidence, and the others were rendered immaterial by the specific facts found by the judge.

It follows that the order of the Appellate Division must be reversed, and the report dismissed.

*So ordered.*