No. 2931 Northern Middlesex, ss.

PHAIR (Avery, Dooley, Post & Carroll)

v. LANGTON (William Doyle, B. A. Sugarman)

From the First District Court of Eastern Middlesex—Davis, J.

Argued June 4, 1941—Opinion Filed July 11, 1941

HENCHEY, J. (Jones, P.J., & Wilson, J.)—In this action of tort the plaintiff sues for property damage caused by the defendant's alleged negligence in the operation of his automobile whereby the plaintiff's dog was killed. The trial judge found for the defendant and· the case comes before us on the plaintiff's objection to the denial of certain of his requests for rulings.

Other than the bare statement that the court found for the defendant and his rulings denying certain of the plaintiff's requests, the trial judge made no detailed findings of fact or rulings of law.

One of the plaintiff's requests was as follows: "There is sufficient evidence to warrant the court in finding that the defendant was negligent." This request was refused without further explanation. Under the rule laid down in *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, the general finding for the defendant, in the instant case, must be deemed to be the result of a ruling, implicit in the refusal of the above-requested ruling, that the evidence did not warrant a finding for the plaintiff. "If the evidence did warrant such a finding, the refusal of the requested ruling is error, because the plaintiff has been deprived of the right to have the evidence considered upon the material issues of fact. *Bresnick* v. *Heath,* 292 Mass. 293." *Strong* v. *Haverhill Electric Co. supra.*

It then becomes important to review the evidence offered in the plaintiff's behalf. If this evidence warranted a finding of negligence, then it was error to deny the plaintiff's request. This is so, even though the trial judge might well have disbelieved this evidence, for it is not illogical to make a ruling such as that requested by the plaintiff, and then to find generally in favor of the defendant upon a consideration of all the evidence. *Strong* v. *Haverhill Electric Co. supra.*

There was testimony to the effect that the plaintiff was visiting a neighbor and while there heard a screech of brakes and the yelping of a dog, and immediately ran out of the house and found his dog lying in the road about 20 feet behind an auto-

mobile which was stopped over on the left hand side of the road; that the dog lay in the road almost directly behind the middle of the automobile; that the defendant drove the plaintiff with the dog to a veterinarian's office, where the dog died, and while on the way the defendant said that he was sorry that he had killed the dog and that he did not intend to do so; that the left wheels of the defendant's car were over in the gravel beyond the macadam edge of the left hand side of the road; that the road at this point has a sharp curve to the left and a pronounced up-grade; that the defendant was going up hill, "well over on the left hand side of the road," and around the curve at a speed described as "a very rapid rate of speed" and again "at least that fast" (referring to a speed of twenty-five to thirty miles an hour); that the road was illuminated at the place where the dog was struck. One witness saw the dog "coming out from under the middle of the automobile behind the car after the auto had passed over it."

There was no question but that the defendant struck the dog; the only question being, Was he negligent in so doing? The testimony above related, if believed, would warrant a finding of negligence on the defendant's part. It is not clear from the record whether the trial judge disbelieved this evidence, or whether he did not consider that such conduct constituted negligence on the defendant's part. In such a situation the plaintiff's rights have been prejudiced. *Georgopoulos* v. *Georgopoulos,* 303 Mass. 231.

Finding for the defendant vacated and case remanded for a new trial.