Hibbard, J.
This is an action of tort in which the plaintiff seeks to recover for damages to a school bus which was in collision with a truck operated by the defendant, the answer being a general denial and a plea of contributory negligence.
There are two issues in this case: The first whether the Trial Court properly denied a request for a ruling filed by the plaintiff and the second whether the Court could prop- *133 erly consider as it did an interrogatory addressed to the plaintiff and his answer thereto. Both of these are hereinafter set forth in detail.
The request for the ruling filed by the plaintiff
“There is sufficient evidence to warrant a finding for the plaintiff even though the truck the defendant was operating skidded at the time of the accident here in suit”
was in its essence a request that there was evidence of negligence on the part of the defendant in the operation of his truck independent of that given by both plaintiff and defendant that the truck skidded just previous to the accident, which evidence was as a matter of law sufficient to justify a finding for the plaintiff.
It is necessary to examine the report to see what evidence there was if any before the Trial Court sufficient to require the giving of this request. This evidence as found in the report is to the effect that the school bus driven by the plaintiff was going upgrade and the truck driven by the defendant going downgrade. There was a collision at a point just as the bus was starting to make a sharp turn on a very sharp left-hand curve. The highway was covered with hard packed snow, there were icy spots and snow banks on each side from two to four feet in height. The width of the road at the point of collision was estimated to be from twelve to eighteen feet with a rise of land extending up from the westerly side of the highway of such proportion as to interfere with the view of the road. This condition in the words of the report was “of such proportion as to interfere with the view of the road ahead of a person riding on the seat at the side of the defendant and did obstruct the *134 view of the highway of the plaintiff as he approached the curve.” It is further stated “The accident happened on the curve.”
The plaintiff testified he was travelling at a speed of about fifteen miles per hour on his right side of the road and as he came to the curve and saw the truck on his, the plaintiff’s, right hand side he reduced the speed of the bus, going as near the snow bank as he possibly could.
The foregoing is substantially all the testimony offered by the plaintiff.
The defendant testified that shortly after entering the main road on which the accident happened, he shifted into first gear, then into second and finally into high as he was descending “in the middle of the road rounding the curve at a speed of fifteen to twenty miles per hour.” He saw the bus approximately seventy feet from his truck and first tried to stop when he was between thirty to fifty feet from it. He applied the brakes intermittently and the truck “skidded a little.” He was unable to stop the truck and “it slid across the road striking the left front corner of the bus.”
The defendant further testified he had travelled one-half to three-quarters of a mile from the point where he first started the truck, which point we take to be that where he entered the main road on which the accident occurred. He further testified he had been travelling over the same highway daily for two or three weeks prior to the date of the accident and had met the school bus nearly every day in the vicinity where the accident happened. There were no chains on the wheels of the truck although there were such in the truck. , , < -
*135 While the question is dose, it seems to us that the evidence of negligence thus reported would justify a finding for the plaintiff although it by no means required it. It thus becomes necessary to determine whether its denial was prejudicial.
The opinion in Bresnick v. Heath, 392. Mass. 293, taken by itself supports the statement that the requested ruling was a proper one. This opinion has however been considerably modified and especially in cases where there has been a special finding by the- Trial Judge in which is clearly indicated that his decision of the case did not depend upon the refusal of a certain ruling. Many of these cases are cited in Home Savings Bank v. Savrasky, 307 Mass. 601 at 604 and 605.
In the instant action the Court denied the requested ruling on the ground that “The evidence did not reveal any contributory negligence upon the part of the defendant. See above finding.” The finding itself states “The skidding undoubtedly was caused by the application of the brakes by the driver of the truck in attempting to avoid contact with the bus. I find that the collision was caused by the skidding and that the defendant was exercising reasonable caution and prudence previous to the contact” (collision) “and cannot be charged with carelessness or contributory negligence.”
This statement by the Trial Judge is properly interpreted to mean that he found as a fact that there was no carelessness or negligence on the part of the driver of the truck that caused the collision and consequently the finding for the defendant was not the result of an erroneous ruling of law. There is support for this statement in the oft cited eases of Strong v. Haverill Electric Company, 299 *136 Mass. 455 and Marquis v. Messier, 303 Mass. 553. Attention is also called to Spence, Bryson Inc. v. China Products Company, 308 Mass. 81, 86 and U. S. Fidelity and Guaranty Co. v. Sheehan, 308 Mass. 321.
Upon careful consideration, we decide that the error in the denial of the requested ruling was not prejudicial.
As to the use by the Trial Judge of the fifth interrogatory and the answer thereto, there can be no question but that it was erroneous. They were not before the Court. It was rendered harmless by the fact that the statements therein found simply supplemented those given in evidence by both plaintiff and defendant. The substance of the answer added nothing to. the evidence. The situation is somewhat analogous to that in Gibbons v. Denencourt, 297 Mass. 448 at 458 as well as cases cited in the defendant’s brief.
No prejudicial error appearing, the report is to be dismissed.