Riley, J.
This action is described in the report as one of tort for assault and battery, alleged to have been committed on the plaintiff Christina Nestor, wife of the plaintiff Nicholas who was admitted as a party to the action seeking thereby to recover for medical services rendered to his wife.
The defendant’s answer was a general denial and a plea of contributory negligence.
Christina Nestor will hereinafter be referred to as the plaintiff. Her evidence tended to show that she was operating her vacuum cleaner in her apartment which is located directly over the defendant’s apartment; that the defendant rapped loudly on her door and in insulting language demanded that she cease using the vacuum cleaner; that she informed him that she would stop in about 5 minutes and, thereupon, closed her door; that immediately after- *138 wards the defendant pounded on the door, broke it open and pushed the plaintiff who fell to the floor, falling over the vacuum cleaner. Her evidence was corroborated by her daughter and another young lady.
The defendant’s evidence tended to show that he requested the plaintiff to cease operating the vacuum! cleaner but she slammed the door in his face; that thereupon he kicked the door, breaking it open; that he did not enter the plaintiff’s apartment nor did he touch the plaintiff; that when he broke open the door the plaintiff came towards him screaming but he backed into the landing leading from the outside stairway to the plaintiff’s apartment; that he remained on this landing; that when his wife arrived the defendant, his wife, the plaintiff, the plaintiff’s daughter and the young lady who had been visiting the plaintiff’s daughter, all engaged in loud talk until finally the defendant and his wife withdrew from the scene.
The judge found for the defendant and, as stated in the Report, ruled, “I find that the defendant did not commit the assault and battery as alleged by the plaintiff. Plaintiff’s requests for rulings are denied in view of the finding. ’ ’ The rulings referred to are as follows:
1. On all the evidence, the Court is warranted in finding that the defendant assaulted and beat Mrs. Nestor.
2. Contributory negligence is no defence to an action for assault and battery.
The plaintiffs claim to be aggrieved by the finding and the denial of the requests for ruling.
The first request is the stock request which has been almost invariably filed in cases tried to tribunals sitting without a jury since the decision in Bresnick vs. Heath, 292 Mass. *139 293, and is based upon the decision in that case. In the present case the evidence warranted a finding either way. It was error to deny this request “unless, as matter of law, it was inapplicable, or unless the judge, by clear and definite findings, has demonstrated that it was inapplicable or immaterial because of the findings.” Home Savings Bank vs. Savransky, 307 Mass. 601, 603, 604.
Some of the cases illustrating this principle are Povey vs. Colonial Beacon Oil Co., 294 Mass. 86, Cameron vs. Buckley, 299 Mass. 432, Strong vs. Haverhill Electric Co., 299 Mass. 455, Marquis vs. Messier, 303 Mass. 553, Ajax Shoe & Leather Co. vs. Selig, 305 Mass. 389, Himelfarb vs. Novadel Agene Corp., 305 Mass. 446, Spence, Bryson, Inc. vs. China Products Co., 308 Mass. 81 at 86, U. S. Fidelity S Guaranty Co. vs. Sheehan, 308 Mass. 321 at 323, 324. It was said in the last case “We observe that counsel and judges not infrequently imperil decisions by needlessly seeking or making rulings that the conclusion reached is required as matter of law, when in truth it is merely warranted as matter of law and therefore permissible as a finding of fact. Pearson vs. O’Connell, 291 Mass. 527. Bresnick vs. Heath, 292 Mass. 293, 298. Harding vs. Broadway National Bank of Chelsea, 294 Mass. 13, 20. Sheehan vs. Aetna Life Ins. Co., 296 Mass. 535, 540-541. Gibbons vs. Denoncourt, 297 Mass. 448, 457. Himelfarb vs. Novadel Agene Corp., 305 Mass. 446. But the order for judgment was not the result of any such ruling of law. The finding quoted in the first paragraph of this opinion was a finding of fact ‘upon all the evidence.’ The error in the ruling was therefore harmless. Marquis vs. Messier, 303 Mass. 553.”
In Strong vs. Haverhill Electric Co., 299 Mass. 455, the plaintiff sought to recover for injuries sustained when he *140 tripped over a manhole cover maintained in a sidewalk by the defendant. The judge refused a ruling that the evidence warranted a finding in favor of the plaintiff and in finding for the defendant, found as follows: “In the light of all the circumstances I do not find that the defendant was negligent in the construction or maintenance of the manhole.” It was said that finding supported and indeed required the general finding for the defendant and that the result of the case did not depend upon the refusal to rule and the ruling implied in that refusal. In the case of Marquis vs. Messier, which was an action for injuries alleged to have been caused by the gross negligence of the defendant, a similar request was refused and the judge in finding for the defendant concluded: “I find that the defendant was guilty of ordinary negligence but I do not find that he was guilty of gross negligence.” It was stated in the Opinion that this was a finding upon all the evidence and not a mere legal consequence of a ruling of law implicit in the refusal of the ruling requested and that there was no prejudicial error in the refusal of the requested ruling.
We think that the case at bar is governed by these decisions' and the specific finding of the court that the defendant did not commit the assault and battery as alleged by the plaintiff, made harmless his error in refusing the plaintiff’s first request. It is to be observed that the better practice is to give rulings of this character even though, weighing the evidence upon the question of fact, the judge should find for the defendant. In other words, giving the ruling and then finding for the defendant would have been perfectly consistent. Marquis vs. Messier, 303 Mass. 553, 555, 556.
*141 This specific finding of the judge also made harmless the denial of the second request, for if there had been no assault and battery, as specially found by the judge, the question of contributory negligence was of no consequence.
The plaintiff also argues that the finding for the defendant is erroneous as matter of law on the theory that even if the defendant’s evidence, by which he was bound, was believed by the- judge, there was still an assault although no battery. It might be sufficient to say that this question was not raised by any request for ruling at the trial. However, we feel that on the evidence reported the trial judge was not obliged to find, that an assault had been committed by the defendant. Obviously he did not give credence to the plaintiff’s testimony and there was nothing in the reported testimony of the defendant that showed that the plaintiff was in apprehension of immediate bodily harm, or that she was threatened with any by him. According to the defendant’s testimony, after he kicked in the door the plaintiff came out toward him screaming and he backed into the landing some distance from her apartment, where she followed him. Her conduct, as described in his evidence, did not require a finding that she was in fear of bodily injury. See Ross vs. Michael, 246 Mass. 126. Commonwealth vs. White, 110 Mass. 407.
Consequently, as no prejudicial error appears in the rulings or finding, the Report will be dismissed.