Hobson, J.
This is an action of tort in which the plaintiff seeks recovery for personal injuries and property damage resulting from alleged negligent operation of a motor vehicle hy the defendant on Union Street, (Springfield, on June 24, 1946. There was conflicting testimony as to how the collision occurred and as to the conduct of both the plaintiff and the defendant. The Justice who heard the case found for the defendant and made the following findings of facts:
‘‘Upon all the evidence I find that on June 24, 1946, the plaintiff parked his car, a two-door sedan on the southerly side of Union'Street, Springfield, Mass., headed east twenty to twenty-five feet west of Eastern Avenue. The doors of the plaintiff’s car are about forty-four inches wide. Union-Street runs' approximatély east and west arid is about *170 twenty-five feet wide. Eastern Avenue ¡runs approximately north and south, is a through street and intersects Union Street. The defendant was traveling in an easterly direction ¡on Union Street and was slowing down preparatory to stopping at the Eastern Avenue stop sign. As the defendant was about to pass the plaintiff’s parked ear, the plaintiff opened his left door which 'struck the right side of the defendant’s car. The plaintiff was negligent and his negligence was the cause of the injuries and damage sustained by him. The defendant was not negligent.”
At the close of the trial and 'before the final arguments the plaintiff filed requests for rulings-1 to 6, inclusive. The Court allowed requests 4 to 6, inclusive, arid denied- requests 1 to 3, inclusive. The requests- for rulings which were denied read as follows:
1. “Upon all the evidence, the plaintiff is entitled to recover if the plaintiff was in the exercise -of due care”;
2. “Upon all the evidence the plaintiff is entitled to recover if the defendant was negligent”;
3. “Upon all the evidence the plaintiff is- entitled to recover iff the defendant failed t-o use due care in passing too close to a parked automobile”.
The ease is before us because off the refusal of the /Court to grant the above requests for rulings.
The testimony as -reported warranted the findings made by the 'Court.
In view of the finding of the Trial Judge that the plaintiff was negligent and that his negligence was the cause of the injuries and damages sustained by him, and the further finding that the defendant was not negligent, all of said requests 1 to 3, inclusive, were rightly refused.
The above requests, though purporting to be “Bequests for Bulings”, are in substance requests for findings of the fact that the defendant was negligent and the plaintiff free *171 from .contributory negligence, which requests the Trial Judge was not required to grant, and which, in view of the facts found by him, could not have been granted.
The 'Court granted plaintiffs’ requests for rulings numbered 4, 5 and 6, which are as follows:
4. “Upon all the evidence, if the defendant failed to see the plaintiff’s automobile parked on the highway, where there was nothing to obstruct his view, and in passing struck the plaintiff’s automobile, the defendant was negligent”;
:5. “As a matter of law, it is not negligent to open the door of an automobile properly parked on a highway”;
6. “As a matter of law, it is not negligent to temporarily allow an automobile door to remain open while the automobile is properly parked on a highway”.
The plaintiff claims in his brief that the finding for the defendant by the Court was not consistent with the requests for rulings which were granted for the Court’s guidance. ¡So far as Request No. 4 is concerned, in view of the findings of the Court that the defendant was not negligent, it is to be assumed that the Court found that the defendant did see the plaintiff’s parked car; it expressly found that the defendant did not strike the plaintiff’s automobile but that the plaintiff opened his left door as the defendant’s car was abont to pass his and that his door struck the defendant’s car. If the Court found the facts to be as ¡stated in the request, there would have been an inconsistency, as claimed. However, inasmuch as the facts were found to be otherwise, there was no inconsistency between the ruling and the finding.
(So far as Requests numbered 5 and 6 are concerned', there is no inconsistency in ruling that as a matter of law it is not negligent to open a door of an automobile properly parked on a way or to temporarily allow a door to remain *172 open while a car is so properly parked, and finding as a fact that, such conduct at a particular time and place and under certain circumstances, in view of the use of the way then being made by others, was negligent. Strong v. Haverhill Electric Company, 299 Mass. 455 at 456: Marquis v. Messier, 303 Mass. 553, 556.
We find no prejudicial error and the report must be dismissed.
'Hon. Charles L. Hibbard, Presiding Justice of the Appellate Division for the Western District, presided at the hearing of this case on October 24, 1947 and had expressed his concurrence in the tentative draft of this Opinion, but died on .November 15, 1947 before the final draft was prepared.