*First District Court of Eastern Middlesex*

*Northern District*

No. 4993

**VIRGINIA RUSSELL**

v.

**FIRST NATIONAL STORES, INC.**

(October 4, 1956)

*Gadsby, P. J.* This is an action of tort to recover against the defendant, First National Stores, Inc., hereinafter referred to as the defendant, for negligence on the part of the defendant based on a fall on the defendant's premises over a piece of wood affixed to the floor on the defendant's premises on July 14, 1954 as a result of which fall the plaintiff claimed to have sustained injuries. The plaintiff's declaration contained one count for negligence against the defendant. The defendant's answer set forth a general denial, a plea of contributory negligence, assumption of the risk, a denial of a public way which was not a material issue, an allegation of a violation of law by the plaintiff, and a further allegation setting up the statute of limitations.

It was agreed that the defendant maintained a place of business at 65 Leonard Street, Belmont, Massachusetts, the place where the plaintiff's accident occurred.

*At the trial there was evidence tending to show:*

The plaintiff, Virginia Russell, is a married woman, 43 years old; that on July 14, 1954, at about 5:45 p.m. she entered the defendant's place of business at 65 Leonard Street, Belmont, Massachusetts for the purpose of making a purchase or purchases and that she entered through the front door of the store and walked straight ahead in the entrance, in a direct line with the front door, when she tripped over a board *which was nailed* to the floor in the front of the store, the said board being 8-10 feet from the front door, straight ahead. That she was caused to fall on both knees, putting her hands out in front of her as she fell. There was evidence that the board was about six (6) feet long and about three (3) inches wide and about one (1) to one and one-half (1½) inches high and was commonly used as a carriage stop for carriages used by customers in carrying merchandise in the store. The evidence tended to show further that it was near closing time and the plaintiff testified that there were no carriages and nothing to indicate or warn a customer entering the store of the presence of the board in the direct path of entrance and the board itself was described as being of similar appearance in color to the floor. The plaintiff testified that she had been in the store several times previously and at the time of the accident as she entered the store she looked at the clock on the rear wall and noted that it was 5:45 p.m. There was also evidence from the manager of the store that just prior to the accident, all of the carriages except two (2) had been removed to one side of the store away from the carriage stop, and there were no signs and no person left there to caution customers of the presence of the board on the floor. The manager further testified that he put two (2) above carriages in front of the board and went to the rear of the store and that as he reached the rear of the store he heard a commotion and came

back to the front of the store where he saw the plaintiff standing, and that he saw nothing in the area where she was standing. He stated that the board had been on the floor for the 2½ years that he had been working in the store, and that the board was slightly darker, a deeper brown than the floor. He further testified that immediately after the accident he asked the plaintiff what happened and she said that as she entered she looked at the clock and that she didn't see the board and fell. There was evidence as to the injuries sustained by the plaintiff from her and the doctors who treated her.

At the close of the trial and before final arguments, the plaintiff, in writing, filed (9) requests for rulings of law.

The Court acted upon them as follows:

1. Upon all the evidence there is sufficient evidence to warrant a finding for the plaintiff. *Denied*.

2. Upon all the evidence there is insufficient evidence to warrant a finding for the defendant. *Denied*.

3. Upon all the evidence there is insufficient evidence to warrant a finding that the plaintiff was guilty of contributory negligence. *Denied*.

4. There is sufficient evidence to warrant a finding that the defendant was negligent. *Denied*.

5. On all the evidence, as a matter of law, the plaintiff is entitled to a finding that her injuries were caused solely by the negligence of the defendant in the maintenance of the premises which the plaintiff was using. *Denied*.

6. The proprietor of a place of business is bound to keep the premises in a reasonably safe condition for the use of persons visiting the place of business at its invitation, and it is liable to a business visitor, who in the exercise of care is injured, owing to a defect negligently permitted to exist. *Allowed*.

7. There is sufficient evidence to warrant a finding that the defendant was negligent in allowing the board to be fastened into the floor at the place of the plaintiff's alleged accident. *Denied*.

8. There is sufficient evidence to warrant a finding that the condition of the floor which caused the plaintiff's accident was the proximate cause of the plaintiff's injuries. *Allowed.*

9. There is sufficient evidence to warrant a finding that the condition of the floor which caused the plaintiff's fall existed for a long enough period of time prior to the accident so that the defendant knew or should have known of said condition. *Allowed.*

The Court found the following facts:

"The plaintiff went to the defendant's store to make a purchase. As she walked in the store she tripped over a small piece of wood attached to the floor to keep the shopping carriages in line. The piece of wood had been attached to the floor for several years. The defendant was not negligent."

The plaintiff, Virginia Russell, claims to be aggrieved by the refusal to grant requests for rulings 1, 2, 3, 4, 5 and 7.

I hereby report the same to the Appellate Division for determination.

(s)   Gardner W. Russell

Acting Special Justice

The trial judge has found as a fact that the defendant was not negligent. This finding is conclusive and will not be reversed unless the evidence clearly shows that such was erroneous. Questions of negligence and contributory negligence are primarily questions of fact. *Castano v. Leone,* 278 Mass. 429 at 431.

As was said in *Dolham v. Peterson,* 297 Mass. 479 at 481, "On appeals like the present, findings of fact made on oral evidence are not reviewable. *Engel v. Checker Taxi Co.,* 275 Mass. 471. *Winchester v. Missin,* 278 Mass. 427 at 428. Such an appeal brings before this Court for consideration only rulings of law made by the trial judge and reported by him to the Appellate Division and questions of law concerning the action of the Appellate Division therein. G. L. (Ter. Ed.) Chap. 231, Sec. 108, 109."

Turning to the specific requests for rulings of law of the defendant which were denied by the trial judge, these rulings in substance were that the evidence warranted a finding that the defendant was negligent. The judge made a specific finding of fact that the defendant was not negligent. The judge then indicated that he had submitted the crucial question of fact to himself in his capacity as jury. Therefore this denial of the requested rulings becomes immaterial. *Liberatore v. Framingham*, 315 Mass. 538 at 541.

In cases where the request is made that the evidence warrants a finding, the trial judge might well grant such request and yet properly decide the case for the other party. At that stage of the proceedings, the judge is simply ruling that there is sufficient evidence to warrant submitting the case to himself as jury. How he is later going to decide the case upon a consideration of all the evidence is quite a different matter. There is nothing inconsistent in such action.

In the case at bar, it appears that the decision reached by the judge was not affected by his denial of the requests for rulings of law. Therefore no prejudicial error was committed. *Strong v. Haverhill Elec. Co.*, 299 Mass. 455. *Himelfarb v. Novadel Agene Corp.*, 305 Mass. 446.

The report is therefore ordered dismissed.

Richard C. Sheppard, for the plaintiff.

Badger, Pratt, Doyle and Badger, for the defendant.