*Northern District*

No. 4981

**STANLEY DOHERTY**

v.

**EDWARD CONSALVI, d-b-a MEDFORD REMODELING CO.**

(October 17, 1956)

*Eno, J.* This is an action of contract or tort in two counts for negligent repairs and the non-compliance of a contract. The answer is a general denial and a plea that "the defendant performed his agreement in a workmanlike manner."

*The reported evidence is as follows*: "The plaintiff testified that prior to July 16, 1954 he had entered into negotiations with the defendant for the purpose of erecting a porch as an enclosure to the front door of his premises at Lillian Road, Malden; that in accordance therewith the defendant after certain negotiations, orally agreed with the plaintiff to build complete an enclosed porch for which the plaintiff was to pay the sum of $500.00 for labor and materials and the plaintiff thought that the defendant was to put in conductor pipes and paint the outside and inside; that in pursuance thereof on or about July 16, 1954 the said defendant erected said porch enclosure for which he subsequently received the amount agreed upon; that the defendant did not complete the entire job but that he stated that he would return to complete the same; that after many telephone calls and requests the defendant refused to further complete the job and in consequence the plaintiff testified that the work was incomplete on the inside and was performed in a negligent and unworkmanlike manner; that the inside roof of the porch was not completed; that the inside of the porch enclosure was incomplete leaving a rough interior; that the sides of the porch leaked during rainstorms and have been discolored leaving pools of water up to the front door of the premises; that the plaintiff retained a builder who made certain observations of the porch and who testified that the porch was left in an incomplete and unworkmanlike manner and that it would cost approximately $195.00 more to complete the said job.

"The plaintiff's wife testified that the water was not on the porch whenever the defendant was there. However, the plaintiff said that he recalled water on the porch when the defendant and his wife were present.

"The expert witness on cross-examination testified that if the defendant used the material and labor

testified to it would cost $462.62. However, he was unable to state on his observations that the said material and labor were actually used on the job.

"The defendant testified that he first talked to the plaintiff's wife, then he had a second conference on the subject with the plaintiff, and his third and final conference was with the plaintiff and the wife of the plaintiff; it was during the third conference that he entered into an oral agreement with the plaintiff to remodel the front porch for a price in the vicinity of $400.00; that there was no firm price for $400.00; that the defendant was to tear down the old porch; that he was to build an enclosure as cheap as possible and he made it definite no finishing to be done on inside; four wooden combination storm doors, two on each side of the enclosure were to be used and a fifth door of same type at the entrance on the front of the enclosure; he gave the plaintiff a bill for the full amount of money due him, was paid, and he receipted the bill; after the bill was paid the plaintiff complained by telephone about water coming into the enclosure and he recaulked the enclosure; he never told the plaintiff that he'd come back and finish the job after being paid on July 16, 1954; he told the plaintiff that the structure should be treated with linseed oil and paint to be water-tight job; when he looked at enclosure during rain the doors had screens in them; he did not talk about drains or conductor pipes; there is an overhang on roof to shed water; I actually charged $480.00; it was an unfinished job; the plaintiff told the defendant that when he accumulated money he'd have inside finished.

"The defendant also testified that the plaintiff left the job entirely up to him and that he did not guarantee it to be waterproof.

"The defendant's roofer testified that there was an overhang of $\frac{1}{4}$ to $\frac{1}{2}$ inch; the roof had been completed in a workmanlike manner and that the gutter and pipe were optional."

The trial judge ruled at the request of the plaintiff that:

1. The evidence in this case is sufficient, as a matter of law, to warrant a finding for the plaintiff.

and denied the following requests for rulings by the plaintiff:

2. The evidence in this case is sufficient, as matter of law, to require a finding for the plaintiff.

3. Upon the pleadings and evidence the Court is required to enter a finding for the plaintiff in this case.

4. The evidence does not warrant a finding that the defendant performed the work in accordance with the agreement.

The trial judge made the following findings of fact:

"I find that the parties agreed that the price would be based on the cost of labor and materials and that the plaintiff paid the defendant in full when the defendant had completed the work agreed upon."

By allowing the plaintiff's first request that "the evidence in this case is sufficient, as a matter of law, to warrant a finding for the plaintiff," the trial judge correctly instructed himself. It was permissible for him to allow this request and yet find for the defendant on the facts. *Strong v. Haverhill Electric Co.*, 299 Mass. 455, 456; *Marquis v. Tessier*, 303 Mass. 553, 555. The finding for the defendant implies a finding of all subsidiary facts. *Adams v. Dick*, 226, Mass. 46; *Adams v. Balme*, 254 Mass. 170.

The second and third requests were properly denied because the evidence did not "require" a finding for the plaintiff. It could not have been ruled as a matter of law that the plaintiff had sustained his burden of proof. *Memishian v. Phipps*, 311 Mass. 521; *Rappe v. Metropolitan Life Ins. Co.*, 320 Mass. 376-7.

The fourth request has become immaterial in view of the judge's finding of facts. These could have been more explicit, but they are sufficient enough to show inferentially that the defendant performed the work he undertook to do.

There being no prejudicial error, the report is to be dismissed.

Bushell, Conn and Howland, for the plaintiff.
Joseph T. Thomas, for the defendant.