*Northern District*

A. D. 5227

**CHRISTINE FOGARTY**

v.

**CITY OF CAMBRIDGE**

(December 22, 1958)

*Present:* Gadsby, P.J., Brooks and Northrup, JJ.

Case tried to *Parker, J.,* in the Third District Court of Eastern Middlesex. No. 2975 of 1957.

*Northrup, J.* This is an action of tort to recover damages from the defendant, a municipal corporation, for personal injuries sustained as the result of a fall on the sidewalk on Bigelow Street, Cambridge, Mass., allegedly caused by the negligence of the defendant in *failing to maintain said public way in a reasonably safe condition for travellers thereon.* It was agreed at the trial that the only issues on the question of the liability of the defendant were the negligence of the defendant and the due care of the plaintiff.

*At the trial there was evidence tending to show that* on June 6, 1957, at about 4:30 p.m. the plaintiff, an elderly lady, 79 years of age, crossed Bigelow Street for the purpose of looking at an automobile which was parked on the left side of said street and in front of

the premises numbered 25: that one Joseph McPhee, the owner of said motor vehicle, had asked the plaintiff to come over and see the cleaning job he had done on it; that the sidewalk adjacent to where the McPhee motor vehicle was parked was brick; that the bricks next to the granite curbing were smaller than the others and were laid parallel with the curb, while the other bricks in the sidewalk were laid at right angles to the same; that there was a tree in the area of the sidewalk opposite the left rear wheel of the McPhee motor vehicle and about five feet from the same, at the outer edge of the side-walk next to the curb, *there was a declivity caused by the absence of a brick; that this declivity had existed since the fall of* 1956 (*the trial court found, however, that the alleged declivity had existed "since the spring of* 1957").

There was further testimony that the plaintiff while walking along the sidewalk in the immediate vicinity of the alleged defect "caught her foot in something" and fell forward; that after her fall the plaintiff's left foot was in the hole caused by the absence of the brick and that as a result of the fall she suffered severe and more or less permanent injuries. At the trial, three photographs showing the locus of the accident and the alleged defect, were introduced in evidence as exhibits and are before us for our inspection and consideration.

At the close of the evidence and before final argument, the plaintiff duly filed re-

quests for rulings which together with the disposition thereof were as follows:

1. The evidence in this action warrants a finding for the plaintiff. *Denied.*

2. The evidence in this action does not warrant a finding for the defendant. *Denied.*

3. In order to recover the plaintiff is not required to exclude all causes except the defendant's negligence, and it is sufficient if upon the entire evidence there is greater likelihood that the accident was due to the defendant's negligence, than to any other cause. *Granted as a statement of law but inapplicable to Court's findings.*

4. If a brick in the sidewalk was missing for several weeks, thus causing a hole in the sidewalk, that is evidence of the defendant's negligence, if the hole in the sidewalk caused the Plaintiff's fall. *Denied.*

5. If the automobile belonging to Joseph McPhee was parked illegally that can in no way be attributable to the plaintiff. *Granted.*

6. The plaintiff is entitled to recover for the fair and reasonable value for the services rendered to her by McPhee and the three women who attended to her during her incapacity, for all of which she is obliged to pay. *Denied in view of the Court's findings.*

7. There is no evidence that the plaintiff was not acting with due care at the time of the accident. *Granted.*

The trial court made a general finding for the defendant, and a special finding that the defendant did not fail to keep the sidewalk reasonably safe and convenient for travellers as required by statute.

The only rulings of the trial court which are pertinent are the denial of the plaintiff's requests for rulings Nos. 1, 2, & 4. We con-

sider first the trial court's denial of the plaintiff's request No. 1, and our opinion as to the trial court's ruling on the same, *ipso facto* determines the correctness of the trial court's ruling on the plaintiff's request No. 2.

The plaintiff's first request is not that the trial court find for the plaintiff. It is merely that the trial court acknowledge and rule that there is sufficient evidence to support such a finding. In *Home Savings Bank v. Savransky,* 307 Mass. 601, 603 the Court said with respect to such a request:

> "It was error to deny it unless, as matter of law, it was inapplicable, or unless the judge, by clear and definite findings, has demonstrated that it was inapplicable or immaterial because of the findings. *Bresnick v. Heath,* 292 Mass. 293, 298; *Strong v. Haverhill Electric Co.,* 299 Mass. 455; *Himelfarb v. Novadel Agene Corp.,* 305 Mass. 446, 448."

In *Strong v. Haverhill Electric Co.,* 299 Mass. 455, 456 where the trial court denied a similar request, found for the defendant and found that the plaintiff had not sustained the burden of proving that the defendant was negligent, the court said with respect to the trial court's denial of the plaintiff's request that it was apparent from the special finding, that the trial judge had considered the evidence upon the crucial question of fact, and that his finding not only supported, but actually required a general finding for the defendant. The Court concluded its opinion with the following words:

> "It is therefore of no consequence, and we do not decide,

whether the evidence warrants a finding for the plaintiff or not."

While the facts in *Strong v. Haverhill Electric Co.,* 299 Mass. 455, differ somewhat in detail from those in the case at bar, nevertheless, the questions of law and the material surrounding circumstances are identical therewith. We therefore follow the reasoning and adopt the general wording of the Court in that case when we say, it is apparent from the report, that the trial court in the case at bar, considered the evidence upon the crucial question of fact, and found as a fact that the defendant did not fail to keep the sidewalk reasonably safe for travellers and that this finding by the trial court not only supported but required a general finding for the defendant. We therefore do not decide whether there was sufficient evidence to warrant a finding for the plaintiff for the reason that, under the circumstances, it is of no consequence whether it did or not. We therefore find no error in the denial by the trial court on plaintiff's requests for rulings Nos. 1 and 2.

The remaining issue for our determination is as to the correctness of the trial court's ruling on the plaintiff's request No. 4 which was denied by the trial court. This request reads as follows:

4. "If a brick in the sidewalk was missing for several weeks, thus causing a hole in the sidewalk, that is evidence of the defendant's negligence, if the hole in the sidewalk caused the plaintiff's fall."

In *Home Savings Bank v. Savransky,* 307 Mass. 601, 603 the court said:

" . . . . . . . that a trial judge, sitting without a jury, must correctly instruct himself as to the governing principles of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error."

Also in *Adamaitis v. Metropolitan L. Ins. Co.,* 295 Mass. 215, 219 the Court said with respect to the duty of a trial court when sitting as a trier of fact:

"The trial judge in a case like the present performs a dual function. He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved. *John Hetherington & Sons, Ltd. v. William Firth Co.,* 210 Mass. 8, 18-19; *Castano v. Leone,* 278 Mass. 429, 431."

Summarizing the foregoing, if a request for ruling raises a pertinent question of law and the facts upon which the request is predicated are fairly warranted by the evidence, the party making said request to the trial court is entitled to a correct ruling thereon. In the case at bar, the plaintiff's said request is a request for a pertinent ruling of law and the facts upon which request is predicated, are fairly warranted by the evidence. The proposition of law set forth in said request is a correct statement of the law applicable to the assumed facts, and the request, therefore, should have been granted by the trial court.

If the trial court intended to deny the plaintiff's request on the grounds that it was inapplicable to the facts found, the trial court should have so stated or otherwise clearly so indicated as it did in passing upon request No. 6. *Schmoll Fils & Co. v. S. L. Agoos Tanning Co.,* 256 Mass. 195, 200; *Hetherington & Sons v. Wm. Firth Co.,* 210 Mass. 8, 18.

Also, if the trial court considered the request as immaterial in view of its findings of fact, the court should have so stated or it might have allowed the request as a proposition of law as it did in its ruling on the plaintiff's request No. 3. However, the general rule governing the treatment of requests for rulings by a trial judge sitting as a fact finding tribunal is stated by the Court in *Hetherington & Sons v. Wm. Firth Co.,* 210 Mass. 8, 19, in the following words:

> "But it (the rule) does require him, when refusing a request, founded upon evidence, to state expressly or by fair inference, either that the legal proposition presented is unsound or inapplicable, or that the facts upon which it is predicated are not found to be true. Failure in this regard affords reasonable apprehension that there has been a miscarriage of justice."

The only conclusion we can properly reach from the trial court's ruling and from the report, as a whole, is, that the plaintiff's said request was denied by the trial court on the grounds that as a matter of law the assumed facts show no evidence of negligence. With this proposition we are in complete disagreement. While the trial court was warranted even upon the facts assumed in the request,

in finding for the defendant, in doing so, it should have clearly indicated that it was guided by a correct understanding of the law applicable thereto.

The true significance and the prejudicial nature of the trial court's ruling in the case at bar can be appreciated when we consider that it could well be, that the trial court's finding that the defendant did not fail to maintain the sidewalk in a reasonably safe condition for travellers thereon, was based upon similar or even the identical facts assumed by the plaintiff in her request for ruling, and that the trial court felt, that upon such facts, he was required to find for the defendant as a matter of law.

However, regardless thereof, in any event, it was prejudicial error for the trial court to deny, unequivocally, the plaintiff's fourth request for ruling, and that in view thereof, the trial court's finding for the defendant should be vacated and the case stand for trial.

So ordered.

Joseph Doyle, Frederick T. Conley, of Chestnut Hill, for the Plaintiff.

Richard D. Gerould, of Cambridge, for the Defendant.