## *Northern District*
## No. 5897
## CREDIT INDUSTRIAL CORPORATION
### v.
## ROCCO DiNANNO ET AL DBA ET TR
## July 22, 1964

*Present*: Eno, J. (Presiding) & Conolly, J.

Case tried to *Brooks, J.* in the First District Court of Eastern Middlesex (Malden). No. 1586 of 1963.

*Connolly, J.* This is an action of contract in which the plaintiff, claiming to be a holder in due course of a negotiable trade acceptance, seeks to recover $99.00 together with interest thereon from February 15, 1960. The answer is a general denial, payment, denial that the plaintiff is a holder in due course; that said negotiable trade acceptance was cancelled and that it was void for want of consideration.

The court made the following *Rulings* and *Findings*:

"Defendants contracted to buy paint from Resinol Products Co., and on October 19, 1959 executed a Trade Acceptance in the amount of $99. On or about October 26, plaintiff bought from Resinol Co., four accounts of the face value of $1187.25 for which it paid Resinol Co. $653. One of the four items was defendants' account for $99.

Plaintiff notified defendants of the purchase. Payment of $99 was in due course requested but never made. Defendants alleged that they had never received the goods purchased. There being no evidence to the contrary, I find this allegation to be a fact.

I find that plaintiff was a purchaser of a bulk transaction not in the regular course of business of the transferror and therefore,

under G. L. c. 106, Art. 3, §302, sub-section 3.c was not a holder in due course. The goods in question not having been received by defendants, I rule that there was a failure of consideration and that plaintiff cannot recover.

I grant all plaintiff's requests for rulings except Nos. 9, 14, 17 and 19."

The denied requests for rulings of law of the plaintiff are as follows:

"9. The evidence introduced by the plaintiff is sufficient to warrant the court in finding that the plaintiff paid value for the negotiable trade acceptance.

14. The evidence introduced by the plaintiff is sufficient to warrant the court in finding that the plaintiff is a holder in due course of the full amount of the negotiable trade acceptance.

17. The evidence introduced by the defendant is insufficient to establish that the plaintiff purchased the negotiable trade acceptance as part of business of the transferor.

19. The evidence introduced by the defendant is insufficient to warrant the court in finding for the defendants."

The plaintiff claims to be aggrieved by:

1. The failure of the court to allow his requests, ##9, 14, 17 and 19.

2. The court's failure to state the facts found or the facts recited which it does not find in connection with plaintiff's requests, ##9, 14, 17 and 19.

3. The finding by the court for the defendants.

4. The failure of the court to find for the plaintiff.

■ The first two requests in question, #9 and #14 were proper and it was error to deny them unless, as a matter of law, they were inapplicable, or unless the judge by clear and definite findings demonstrated that they were inapplicable or immaterial because of his findings. *Himelfarb v. Novadel Agene Corp.*, 305 Mass. 446-448. Among other findings the trial judge found that the plaintiff was a purchaser of a bulk transaction not in the regular course of business of the transferror and, therefore, under G. L. c. 106, Art. 3, §302, sub-section (3c) was not a holder in due course. Such a finding renders inapplicable requests #9 and #14.

■ Request #17 ignores G. L. c. 106, Art. 3, §302, sub-section (3c) which states:

"After it is shown that a defense exists, a person claiming the rights of a holder in due course has the burden of establishing that he, or some person under whom he claims, is in all respects a holder in due course."

The phrase "in all respects" clearly includes a bulk transaction of the type in question, and the burden of establishing that it was in the regular course of business of the transferror rested on the plaintiff.

■ Request #19 hardly merits discussion. There was uncontradicted evidence of a failure of consideration. Since the plaintiff

had not established that it was a holder in due course it is difficult to see how the trial judge could have avoided finding for the defendant. There being no prejudicial error the *report is dismissed.*

Cohen, Gaffin & Greb, of Framingham, for the Plaintiff.

Silverstein & O'Neil, of Everett, for the Defendant.