*Northern District*
No. 5907
5907A
CAMBRIDGE ELECTRIC LIGHT COMPANY
v.
EXCHANGE CONSTRUCTION, INC.
CASE NO. 3618 of 1961
and
CAMBRIDGE ELECTRIC LIGHT COMPANY
v.
MAHER & FALL WRECKING CO., INC.
CASE NO. 4188 of 1962
July 30, 1964

*Present*: Connolly, J. (Presiding), Parker & Moore, JJ.

Case tried to *Dudley, J.* in the Third District Court of Eastern Middlesex (Cambridge).

*Connolly, J.* The pertinent details in these cases are set out in the memorandum of the

trial judge of his findings and rulings and which follows:

"These two cases were tried together and I make the following findings:

Each of these cases is an action of tort in which it is alleged that by reason of the negligence of the defendant certain damage was done to poles owned by the plaintiff. The damage claimed is $319.72 and is the same in each case.

Each defendant is charged with the same damage and each is charged with negligence which it is alleged caused the damages.

Each defendant has answered a general denial.

It is agreed, and I find that damage was done to the poles of the plaintiff to the extent of $319.72.

In the latter part of 1960 and the early part of 1961, the defendant Maher and Fall Wrecking Company hereinafter called "Maher" was engaged, as general contractor, in the demolition of eleven buildings owned by Lever Brothers, in Cambridge, Massachusetts.

The defendant, Exchange Construction, Inc. hereinafter called "Exchange" was engaged by Maher to assist in the demolition work.

Exchange was an independent contractor.

Barriers were erected by Maher, at the curb lines on the adjacent street, to exclude persons and vehicles from the area where the demolition work was being done.

The plaintiff owned and maintained poles along the street adjacent to where the work was being done.

The buildings were demolished by the use of cranes swinging weights against it and the debris was either carted away in trucks or was pushed into the cellar by bull-dozer-shovel combinations.

The damage to the plaintiff's poles appeared to have been done by debris having been pushed or piled against the poles or by debris having fallen on the poles. One of the poles appeared to have been cut as tho by a bull-dozer-blade and was pushed out of line to the extent of perhaps 30 degrees. Each of the defendants had equipment on the job which could have caused the damage complained of.

The plaintiff offered as its chief witness on the question of negligence, one "Ring" who had been working on the job for Maher. He testified in substance that he was on the job when the damage was done; that he could not remember the precise damage or the occasion when it was done; that he had reported to his employer to the effect that the damage had been done by a bull-dozer-shovel belonging to Exchange; that the only equipment on the job which was capable of doing the damage was owned and operated by Exchange; that he did not know how the damage was done or who did it but that he had reported to counsel for the plaintiff that the

damage was done by a bull-dozer-shovel of Exchange.

This testimony was objected to by Exchange and was excluded as to Exchange.

Testimony was presented by Exchange to the effect that the damage was not done by them or their equipment.

The court is satisfied that the damage was done by one of the defendants but cannot find that the plaintiff has shown by a fair preponderance of the evidence that either specific defendant did the damage or that the negligence of either specific defendant caused the damage.

Under the circumstances the court finds for each defendant.

Each of the parties seasonably filed requests for rulings which I deal with as follows:

As to requests filed by Exchange:

I allow ##1, 2, 3.

As to requests filed by Maher:

I allow ##1, 2, 3.

As to requests filed by the plaintiff in the case against Exchange:

I allow ##1, 2.

I deny ##3, 4, 5, 6, 7.

The denials are because the requests are not consistent with the facts found as set forth above.

As to requests filed by the plaintiff in the case against Maher:

I allow ##1, 2, 5.

I deny #3 because I believe that the request

calls for a factual and legal conclusion which is not in accordance with the facts found.

I deny ♯4 as being contra to the facts found.

I deny ♯6 as being contra to the facts found.

The major problem found by the court is that the plaintiff had sued two different parties for the same damage and has not proved by a fair preponderance of the evidence which defendant did the damage and how the damage was done.

I find for each defendant."

The denied requests of the plaintiff in the case against Exchange are:

3.  Sufficient evidence has been introduced by the plaintiff to satisfy the court that the damages to the plaintiff's electric light poles were caused by a negligent act for which the defendant would be liable.

4.  The plaintiff has sustained a burden of proof that the defendant was negligent by a preponderance of the evidence.

5.  The evidence presented by the plaintiff indicates a greater likelihood that the acts or omission to act by the defendant caused the damages to the plaintiff's electric light poles rather than to some other cause.

6.  The evidence warrants a finding that the damages which occurred to the plaintiff's property would not have happened in the absence of negligence on the part of the defendant as it was in control of the agency or instrumentality causing the damages.

7. The evidence warrants a finding that the machinery and equipment which caused the damages to the plaintiff's property were under the control and supervision of the defendant.

The denied requests of the plaintiff in the case against Maher are:

3. The evidence warrants a finding that the defendant was negligent by permitting debris from the Lever Bros. buildings to be on the sidewalk adjacent to the plaintiff's electric light poles.

4. The plaintiff has sustained the burden of proof that the defendant was negligent by a preponderance of evidence.

6. The evidence warrants a finding that the defendant should have had reason to anticipate that demolishing the Lever Bros. buildings without erecting a barrier along the property line of the property adjacent to the sidewalk would cause damages to the plaintiff's electric light poles.

The plaintiff claims to be aggrieved by the denial of the above requests.

There was no error.

In denying the requests in question the trial judge stated in substance that he did so for the reason that they were inapplicable because of the facts he found and by his findings demonstrated that the requests were inapplicable. *Himelfarb v. Novadel Agene Corp.*, 305 Mass. 446-448.

By the disposition of the requests and the special findings the trial judge has indicated that the plaintiff failed to prove that

either defendant was negligent or that either defendant caused the damage.

Under these circumstances it is basic that the plaintiff cannot recover and it is immaterial whether there is one, two or a thousand defendants involved.

There being no prejudicial error the report is dismissed.

Weber, Rooney & Riley, of Boston, for the Plaintiffs.

George Rubin & George Goldstein, of Cambridge, for the Defendants.