## WILLIAM CAINS & another *vs.* JESSE TIRRELL.

After a declaration in set-off has been filed, the plaintiff cannot discontinue without the consent of the defendant.

The plaintiffs sued upon counts in tort and in contract for the same cause of action, and the defendant filed a declaration in set-off. The plaintiffs undertook to discontinue their counts in contract, and the defendant continued to rely upon his declaration in set-off. The court ruled that the plaintiffs could only recover upon their counts in tort, but that the defendant might recover upon his declaration in set-off. The jury found for the defendant for the amount of his declaration in set-off. *Held*, that this was a mistrial.

COUNTS in tort and in contract, for the same cause of action. The defendant filed a declaration in set-off.

At the trial in the Superior Court, before *Putnam*, J., the plaintiffs, before opening the case, stated that they should rely only upon one count in tort, and discontinue as to the other counts. The defendant then stated that he did not wish to be prejudiced in any of his rights, as he had filed and should insist upon a set-off. Nothing further was said, nor was any order of the court called for, but the plaintiffs entered the discontinuance. The case proceeded to trial, and the plaintiffs offered evidence upon the count in tort that would have supported either count in the declaration. The defendant offered evidence to sustain his set-off, to which the plaintiffs objected, because they had discontinued the counts in contract, with, as they supposed, the assent of the defendant; but they offered then to withdraw their discontinuance, and proceed on their counts as they originally stood; to this offer the defendant objected, because the counts had been discontinued already. The presiding judge thereupon stated that he did not understand that the defendant had formally assented to the discontinuance at the outset; but, as the matter then stood, he would rule, for the purposes of the trial, that the defendant might offer evidence of his set-off.

To the admission of this evidence the plaintiffs excepted. The plaintiffs then presented their case to the jury, as a case in tort, and the jury were instructed by the court, for the purpose of the trial, that the plaintiffs could only recover upon their count in tort, and that the defendant might recover upon his declaration in set-off, to which rulings the plaintiffs excepted.

The jury found for the defendant for the full amount of his set-off, and the plaintiffs alleged exceptions.

*O. Stevens*, for the plaintiffs.

*W. C. Williamson*, for the defendant.

GRAY, J. There was a mistrial of this case. A declaration in set-off having been filed, the plaintiffs could not discontinue without the consent of the defendant. Gen. Sts. *c.* 130, § 21. If the defendant had not consented to it, there was no valid discontinuance, and the plaintiffs were entitled to proceed on all the counts of their declaration. If the defendant had consented to a discontinuance of the plaintiffs' counts in contract, he should not have been permitted to introduce evidence of his set-off. It was for the judge before whom the action was tried to determine whether there had or had not been a valid discontinuance. But the rulings at the trial allowed the defendant to affirm the discontinuance so far as it restricted the claim of the plaintiffs, and to re-pudiate it so far as it affected his own.

*Exceptions sustained.*