Riley, P. J.
The plaintiffs in this case claim to be aggrieved by the denial of their requests for rulings and the denial by the trial judge of their motion for a new trial. They *160 brought an action of tort against the defendant to recover damages for negligence in the construction of a house by bim in accordance with a written agreement according to the specifications of a plan. Both the contract and the plan were annexed to the plaintiffs’ declaration. The written contract which was introduced in evidence is as follows: “On the date of September 11, 1946, We agree on building by the drawing to build a bungalow specified on his drawing by Mr...........For $1,000.00 labor to be performed on carpenter work only. No finishing on inside of any kind. Doors & windows will complete. All partition in every rooms will be up. I will receive one part total $350.00 as I start framing. When I am half done I will receive the second part $350.00 and remaining when finished. Amount total, (signed Oscar Ortega.) (signed Mrs. Adam Dwarska.”)
The defendant filed a general denial by way of answer and also a declaration in set-off as follows:
“And the defendant says that on or about the 2nd day of September, 1946, he agreed to do certain carpenter work on a building to be constructed, for the plaintiff, Mrs. Adam Dwarska; that the plaintiff agreed to pay the defendant therefore the sum of $1000.00; that the defendant performed the work as agreed in a good, skillful and workman like manner but the plaintiff prohibited the defendant from completing said work and without just cause hired another person to complete said work; that the defendant was at all times ready, able and willing to complete said work. And the defendant says that he received on account of said work the sum of $700.00, that there is now due him the sum of $300.00. Wherefore defendant says the plaintiff owes him the sum of $300.00 together with interest thereon.”
The answer of the plaintiff, Mrs. Adam Dwarska, to this declaration in set-off was a general denial and a plea of payment.
*161 During the course of the trial, the defendant filed a motion to amend as follows:
“Now comes the defendant in the above entitled action and moves to amend his declaration in set-off to read as follows: And the defendant says the plaintiff owes him the sum of $360.00 according to the account hereto annexed for work and labor.

‘Account Annexed

‘Balance due on contract ................$300.00. Labor on porch ......................... 60.00. Total .................................. 360.00.’ ”
The plaintiffs’ attorney objected to the allowance of this motion; the defendant’s attorney stated the declaration in set-off (alleging plaintiffs had prohibited defendant from completing the work) was a mistake; and the Court allowed the motion.
While both of the plaintiffs appeared to be owners of the house lot on which the house was to be constructed, the written contract with the defendant seems to have been signed by only the female plaintiff; however, no objection appears to have been made at any time to the joinder of the male plaintiff and if there was any misjoinder of parties, it must be taken to have been waived by the defendant.
The evidence shows that the defendant undertook to build the house according to his contract and as the work progressed he was paid $350.00 on October 5, 1946, $350.00 on November 23, 1946 and $385.00 on December 18, 1946. The last payment was for extras not included in the contract. It also shows that no work was done on the house by the defendant after December 18, 1946 and that at that time there were no clapboards or sidings on the house and none of the fourteen windows were framed, set or placed, and none of the nine doors framed or hung and no flooring was placed in the porches.
*162 .. It also appears in evidence that the defendant’s hand had been cut while working in the shop and that he couldn’t finish the work and also that he told the plaintiffs to hire another carpenter to finish his work on the house, which .work would not cost the plaintiff's more than $300.00.
There is also considerable evidence of improper workmanship by the defendant particularly with respect to a porch that collapsed and evidence of the costs of repairing the defects in the house which arose from the negligence and improper workmanship of the defendant.
The trial judge made the following finding:
“This case is exclusively concerned with the construction of a wooden bungalow house on Casimir Street in Westfied in said County. The evidence tended to show that the plaintiffs owned a building lot on said Casimir Street and were planning to construct a house thereon. Neither of them was skilled in such a proceeding and they requested the defendant, who was a friend of theirs, to prepare a plan or blueprint of such a house as they had in mind, a picture of which they showed to him. He charged them twelve dollars for his complete services which they paid. Upon further conference between the parties, at the defendant’s suggestion, the plaintiffs hired him to erect the wooden frame of the house for one thousand dollars. A simple, informal contract, which refers to carpenter work only, was signed by the defendant and the plaintiff Isabelle. The one thousand dollars was to be paid as follows: three hundred and fifty dollars when the defendant started framing; three hundred and fifty dollars more when half done; and the balance of three hundred dollars when the carpenter work was completed. The last thing that the defendant ever did upon the house was the carpenter work upon the front piazza, which was wholly without a foundation, which the plaintiffs were to be responsible for and secure a mason therefor. The defendant says that he was at all times ready to complete his portion of the contract after the plaintiffs had had a proper foundation erected, but that the plaintiffs would not permit him *163 to do so and hired another contractor. He testified that he attempted to secure the balance of three hundred dollars which was owned to him on the contract by repeated calls upon the plaintiffs, but was never able to do so. The plaintiffs made no complaint about the workmanship, but simply kept putting off the date of payment. In the meantime, the veranda fell away from the main part of the building. The plaintiffs contend that the reason for the failure of the piazza was the fault of the defendant. The defendant contends it was no fault of his, but the lack of a proper foundation was the reason that the veranda fell, which was the fault of the plaintiffs whose entire responsibility it was to secure a foundation.
“In the original suit, Dwarska et ux. v. Ortega, I find for the defendant, since I find no negligence on the part of the defendant. In the action in set-off, I find for the defendant Ortega in the sum of three hundred dollars. The evidence shows that the plaintiffs made no objection whatever to the grade or quality of the carpenter work on the piazza, until a demand was made by the defendant for the balance due him. There was a lapse of several weeks between the date of the last work performed by the defendant and the date when the veranda collapsed. In reference to the sixty dollars for work performed by the defendant on porches, set forth in defendant’s amended declaration in set-off, I find that the defendant has not maintained the burden of proof.
“Before final arguments the plaintiff filed three requests for rulings, which, with my action thereon are as follows: (1) There is evidence warranting a finding for the plaintiff. Denied.* (2) The defendant is bound by his pleading. Granted but inapplicable. (3) The defendant’s declaration in set-off containing the statement that he had been prohibited from completing the contract cannot as a matter of law recover for completing the contract as he is bound by his pleadings. Denied. I find that the defendant was ready to complete his portion of the contract, but that the plaintiffs would not permit him to do so.”
*164 There was ample evidence offered by the plaintiffs that the work that the defendant did under the contract was done in a negligent and unworkmanlike manner and their first request should have been granted unless it became inapplicable by reason of the judge’s finding of fact. Himelfarb v. Novadel Agene Corporation, 305 Mass. 446 at 448.
The judge specifically found for the defendant in the original suit since he found no negligence on his part. He was warranted in making this finding even if no evidence were offered by the defendant on that issue as he was not obliged to give credence to the plaintiffs’ evidence even though uncontradicted. Lindenbaum v. N. Y., N. H. and Hartford Railroad, 197 Mass. 314 at 323 and cases cited. In speaking of a finding by a judge that the defendant was not negligent the Court said in Strong v. Haverhill Electric Company, 299 Mass. 455 at 456, “that finding supported and indeed required the general finding for the defendant. The result of the case does not depend on the refusal to rule and the ruling implied in that refusal.” Bulings of this character with cases showing when their refusal constitutes reversible error and when it does not are fully discussed in Perry v. Hanover, 314 Mass. 167, 175, 176. See also Rummell v. Peters, 314 Mass., 504, 518 and Connell v. Maynard, Mass. Adv. Sh. (1948) 67, 68. In view of the judge’s finding of no negligence on the part of the defendant, we think there was no reversible error in the denial of the plaintiffs’ first request. The plaintiffs’ second and third requests obviously refer to the defendant’s declaration in set-off. Apparently at no time until after the trial of the case was concluded did it occur to anyone that the declaration in set-off could not be filed by the defendant in this action of tort. See G. L. c. 232, § 1. Cains v. Tirrell, 112 Mass. 22; Lane v. Volunteer Cooperative Bank, 307 Mass. 508 at 511. The question was not raised by the plaintiffs’ second and third requests for rulings *165 and ordinarilly would not be considered by us after a full trial of the case. Stevens v. Rockport Granite Company, 216 Mass. 486. However, in this case the judge entertained a motion for new trial one of the grounds of which was that the finding was against the law and injuriously affected the substantial rights of the plaintiffs. The motion was denied by the trial judge giving as one of his reasons that he did not feel that a miscarriage of justice would result unless a new trial was granted. While he may have been right in this conclusion, parties have the right to have their litigation determined according to the law as laid down in the statutes and decisions and must enforce their rights by procedure according to such law and statutes. When the question is before the Appellate Division on a report of the trial judge as it is in this case, we feel it is our duty to hold that the provisions of statutes in reference to practice and pleading, although technical, are followed when they actually affect the decision of the case. Lander v. Samuel Heller Leather Co., Inc., 314 Mass. 592 at 597.
As we have said above, the defendant should not have been allowed to file a declaration in set-off in this case and it was, upon the facts shown in the record, an error on the part of the trial judge to make a finding for the defendant thereon. Accordingly, the finding for the defendant on his declaration in set-off is ordered vacated on the ground that it is improperly filed in an action of tort. However, this does not prevent the defendant from bringing an action against the plaintiffs to recover such sums as he may by virtue of his contract with them as he should have done originally.
For the reasons heretofore given, the finding for the defendant in the original suit is to stand as we find no prejudicial error in the manner in which the trial judge dealt with the rulings in respect to that part of the case.

 The trial court’s ruling and findings on each of the Plaintiffs’ Requests for Rulings are printed in italics following the request.