CHRISTINE COURNOYER *vs.* CITY OF HOLYOKE.

Hampden.  October 28, 1942. — October 28, 1943.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions.

In an action heard without jury, there was no error in a denial, without comment by the judge, of a request for a ruling which correctly stated that the evidence warranted a finding of a certain fact where it appeared that the request was rendered immaterial by permissible special findings made by the judge contrary to that fact and it was apparent, from such findings and reasons stated by the judge for denial of other requests for rulings involving the same subject matter, that the findings were based on a consideration of the evidence and not upon an erroneous view of the law that the evidence was insufficient to warrant the finding specified in the request in question.

TORT.  Writ in the Superior Court dated January 2, 1940.

There was a finding for the defendant by *Donnelly,* J., and the plaintiff alleged exceptions.

In this court the case was submitted on briefs.

*W. M. Long,* for the plaintiff.

*J. P. Dowling,* City Solicitor, for the defendant.

FIELD, C.J.  This is an action of tort brought in the Superior Court to recover compensation from the city of Holyoke for personal injury sustained as a result of falling into a coal hole on High Street in said city.  The case was

heard by a judge sitting without a jury who found for the defendant.

The judge made detailed findings of fact, granted various requests for rulings made by the plaintiff and denied others. The plaintiff excepted to the denial of these requests. She now contends solely that there was error in the denial of request numbered 3. This request was for the following ruling: "The evidence warrants a finding that the defendant by proper inspection, vigilance, and care might have known of the defect and remedied same before November 19, 1939." The judge indorsed this request "Denied," making no further comment thereon.

We assume in favor of the plaintiff that the evidence warranted a finding such as is referred to in the request for a ruling numbered 3 and do not discuss this aspect of the case. But it does not follow that the denial of the request was error.

A requested ruling that the evidence warrants a particular finding, though correct on the evidence, is rendered immaterial by a special finding or special findings, contrary to that finding, permissible on the evidence, if it is made clear that such special finding or findings were made by the judge on a consideration of the evidence and were not due to the erroneous view of the law that the evidence was insufficient to warrant the finding referred to in the requested ruling. The important thing is that this court shall be able to determine upon which theory the trial judge acted: on the theory that the evidence was insufficient to warrant the finding referred to in the requested ruling, or on the theory that the judge upon a consideration of the evidence found facts contrary to the finding so referred to irrespective of the sufficiency or insufficiency of the evidence to warrant that finding. If the judge acted on the latter theory, a ruling upon the sufficiency of the evidence was not material. *Perry* v. *Hanover, ante,* 167, 173–176, and cases cited. We think that, in the present case, with respect to the finding referred to in the plaintiff's request for a ruling numbered 3, the bill of exceptions shows that the judge acted on the latter theory, and that, consequently, the requested

ruling upon the sufficiency of the evidence to warrant this finding was immaterial for this reason and the denial of the request for this ruling was not error.

The judge found that on "Sunday morning, November 19, 1939, the plaintiff while on her way to her place of employment, stepped upon a coal hole cover set in the sidewalk on High Street and was projected into the coal hole receiving injuries," and that "at the time of the accident the coal hole was defective due to the presence of foreign matter on that part of the collar upon which the cover rested which would cause the cover to slide off when it was stepped on from the angle of approach used by the plaintiff in walking along the street." The judge states in his findings that it is agreed that "the plaintiff gave to the city due notice of the time, place and cause of the accident in accordance with the provisions of law."

In the light of these findings there remained only one further fact, proof of which was essential to the maintenance of the plaintiff's case, namely, the fact that the defendant knew or should have known of the defect in the sidewalk and was negligent in failing sooner to discover and remedy this defect. G. L. (Ter. Ed.) c. 84, § 15. *Stone* v. *Boston,* 280 Mass. 31, 33–34. *Tavano* v. *Worcester,* 287 Mass. 420, 422. Upon this issue of fact the judge found as follows: "So far as appeared in evidence the first time that the coal hole cover in question had been displaced by a pedestrian in stepping upon it was Saturday night, November 18, 1939, when it gave way under a traveller upon the sidewalk. He testified that the cover appeared all right and that he replaced it and could see nothing wrong when it was replaced. He did not give notice of the occurrence to the city until two days after the accident to the plaintiff. I find that this notice was the first actual notice to the city of the existence of a dangerous condition at the locus of the accident. . . . I find . . . that there was nothing in the appearance of the cover which would disclose the dangerous condition to anyone inspecting the cover from the sidewalk. I find that there was no negligence on the part of the city in failing to discover and remedy the defect prior to the time when it was called to the atten-

tion of the authorities by reason of the happening of the accidents to the plaintiff and to the person who had fallen into the same coal hole the night before the plaintiff's accident."

The judge concluded his statement of findings of fact with the following statement: "Since I find that the city had no notice of the existence of the defect prior to the accident to the plaintiff and that it was not negligent in failing sooner to discover and remedy the defect, I am constrained to find for the defendant."

The judge disposed of the plaintiff's requests for rulings on this aspect of the case in the following manner: With respect to request numbered 1, "The evidence warrants a finding for the plaintiff," the judge stated: "Since I have made a specific finding that the defendant was not negligent in failing soon[er] to discover and remedy the defect this request is of no consequence." With respect to request numbered 4, "Notice to the defendant city of the defect in the highway may be inferred from its notoriety and from its continuance for such a length of time as to lead to a presumption that the proper officers of the town did in fact know, or with proper vigilance and care might have known of the fact," the judge stated: "Granted as a proposition of law but I rule that under my findings of fact it has no application." As to request numbered 6, "The court may infer from the appearance of the defect at the time of the accident that said defect existed for some length of time prior to the accident, and that the defendant city by proper inspection, vigilance, and care might have known of the defect," the judge stated: "I have made a specific finding of fact negativing the substance of this request."

The form of the concluding statement of the judge in his findings, together with the form of his subsidiary findings, with respect to lack of notice to the defendant "of the existence of the defect prior to the accident to the plaintiff" and the absence of negligence on the part of the defendant "in failing sooner to discover and remedy the defect" furnish a strong indication that the special findings upon this issue and the resulting general finding for the defendant were

based upon a special finding or special findings of fact made by the judge upon a consideration of the evidence irrespective of the sufficiency of such evidence as matter of law to warrant contrary findings and consequently to warrant a general finding for the plaintiff, and that such special findings upon the issue of notice to and negligence of the defendant and such general finding for the defendant were not based upon an erroneous view of the law as to the sufficiency of the evidence to warrant findings to the contrary and a general finding for the plaintiff. See *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, 456; *Marquis* v. *Messier,* 303 Mass. 553, 556; *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 447–448; *Perry* v. *Hanover, ante,* 167, 173–176.

Moreover, the judge in disposing of requests numbered 4 and 6 respectively, involving phases of the same subject as was involved in request numbered 3, clearly indicated that these requests were denied by reason of his special findings of fact. And this is true also of the disposition by the judge of request numbered 1 which was broader than request numbered 3 but necessarily involved the subject that was involved in request numbered 3. The special findings of the judge upon the issues in the case other than the issue of notice to the defendant of the defect and negligence of the defendant in failing to discover and remedy the defect were favorable to the plaintiff. The implied denial by the judge of the plaintiff's request numbered 1 on the ground of the special findings of fact obviously imports that he disposed of the issue of notice to the defendant of the defect and failure of the defendant sooner to discover and remedy the defect on the basis of his special findings of fact on this issue and not on the basis of the insufficiency of the evidence to warrant a finding for the plaintiff on this issue. The special findings of fact on this issue clearly were permissible on the evidence. It is hardly to be thought that the judge disposed of request for a ruling numbered 1 on the basis of his special findings of fact made upon a consideration of the evidence, irrespective of the sufficiency of the evidence to warrant a contrary finding, as clearly was true, and disposed of requests for rul-

ings numbered 4 and 6, respectively, on a like ground, as also clearly was true, but that he disposed of request for a ruling numbered 3 on the basis of the insufficiency, as matter of law, of the evidence to warrant the finding therein referred to, when the subject of request numbered 3 was wholly included in request numbered 1 and was partly included in each of requests numbered 4 and numbered 6. The natural interpretation of the judge's denial of request numbered 3 is that he denied it because it was rendered immaterial by his special findings of fact, as were requests numbered 1, 4 and 6, although he made no express statement to that effect with respect to request numbered 3 as he did with respect to the other requests. The failure of the judge to make such an express statement with respect to request numbered 3 does not preclude this conclusion. In *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, the judge denied certain requests for rulings, including a request for a ruling that the evidence was sufficient to warrant a finding that the defendant was negligent, without stating expressly that the rulings were denied by reason of a special finding or special findings of fact. But the judge made a special finding that the defendant was not negligent, and it was held by this court that by reason of the special finding the denial of the request for a ruling was not error. The court said that the "result of the case does not depend upon the refusal to rule and the ruling implied in that refusal." Page 456.

The bill of exceptions as a whole shows that the finding for the defendant was based upon a consideration of the evidence by the judge and a permissible finding of facts by him upon such evidence, and not upon an erroneous view of the law as to the sufficiency of the evidence to warrant a finding for the plaintiff. There was no error in the denial by the judge of the plaintiff's request for a ruling numbered 3.

*Exceptions overruled.*