Nash, J.
This is an action of contract or tort whereby the plaintiffs seek to recover for damages to a chandelier in premises let to the defendant by the plaintiffs as tenant at will. The answer is a general denial.
The case was submitted upon a statement of agreed facts the .substance of which is that the defendant with his wife, son and daughter were tenants at will of the plaintiffs’ premises from May, 1938 'to April, 1944. The chandelier in question was suspended .from the ceiling in the living room ornately displaying cut glass globes, bowls, arms, prisms and beads. The “drop” on the bottom of the fixture was attached with some sort of adhesive substance to a metal collar into a recess of which the “drop” was inserted; the metal collar or sleeve screwed on with threads to an iron rod which extended from the base of the fixture *219 to the ceiling, the purpose of which was to prevent the lower bowl and bottom pendants from falling. The chandelier was made abouit 1900 and was installed in the defendant’s house in 1927, then owned by one Desmond. The plaintiffs acquired title to the house in 1938 and rented it to the defendant in that year. .Sometime thereafter the defendant’s son, 6' (ft.) 2" (inches) in height struck his head on the “drop” dislodging lit. . The defendant re-attached it with plaster of paris. On or about September 3, 1943 the defendant’s daughter after cleaning the chandelier and going into the other room heard a crash and discovered the lower part of the fixture had dropped to the floor including the “drop”, the collar, the bottom bowl and the entire bottom circle of beads, prisms and pendants; several pendants, prisms and beads were broken or nicked; the bottom bowl was broken, the “drop” was damaged; and there was other damage to the entire agreed sum of $214:50. No notice of this damage was given the plaintiffs who discovered it after the defendant had vacated the premises. In addition to the above facts the 'Court found that the house was 75 years old, the floors were carpeted, that when the defendant first moved into the house a sofa was placed under the chandelier and remained there for eight or nine months but had been removed before the defendant’s son’s head struck the chandelier.
In addition to the above agreed statement of facts the Court further found that neither the defendant nor any member of the family used the premises in an untenantlike or ordinarily negligent manner; nor to “any degree of negligence for which the defendant is liable”; and found for the defendant.
The plaintiffs duly filed seven requests for rulings and the Court allowed request #1 as a correct statement of law, denied #2 and #3, granted #4(a) so far as it as *220 serted that the plaintiffs were entitled to have the property returned to them undeteriorated by any “wilful” act but denied it in so far as it sets forth that the plaintiff's were entitled to have the property returned to them undeteriorated by any “negligent” act; and denied the remaining requests. The Count allowed all nine requests filed by the defendant.
The plaintiff’s requests #4(a), #4(b) and #6 are as follows:
4(a). The Plaintiffs, as the owner of the reversion were entitled as a matter of law to have their property revert to them “undeteriorated by any willful or negligent act”.
4(b). The fact that the structure of the chandelier did not permit it to fall apart without the intervention of some act or force warrants a finding that the Defendant, or the members of his family occupying said premises under his tenancy at will, had committed a voluntary waste of the premises for which the Defendant is answerable in this action.
6. 'The evidence that the Defendant’s son struck his head on the chandelier, breaking off the pendant, and that the daughter of the Defendant did some cleaning or other work on the chandelier just before it fell and was damaged warrants a finding that an act or force intervened to cause the damaged complained of.
The Court is in error when in dealing with request #4(a) it finds that ‘ ‘ that part of the request which states that the property must be returned undeteriorated by any negligent act is denied. The tenant was a tenant at will and is not liable for ordinary or simple negligence.” We believe the tenant is liable for ordinary negligence. This case was previously reported to the Appellate Division who sent it back for a new trial. In that opinion the law as set forth in Delano v. Smith, 206 Mass. 365, 370 is more fully quoted herein: ■
*221 “The fundamental question, therefore, is whether upon the facts agreed it was permissible for the jury to find that waste had been committed. Under the conditions prevailing in this Commonwealth waste is an unreasonable or improper use, abuse, mismanagement or omission of duty touching real estate by one rightfully in possession which results in its substantial injury. It is the violation of an obligation to treat the premises in such manner that no harm be done to them and that the estate may revert to those having an underlying interest undeteriorated by any wilful or negligent act. Pynchon v. Stearns, 11 Met. 304. United States v. Bostwick, 94 U. S. 53, 65. Moore v. Townshend, 4 Vroom, 284. Turner v. Wright, 2 De G., F. & J. 234, 246. 30 Am. & Eng. Encyc. of Law, (2d ed.) 255, and cases cited.”
In accordance with the law as set forth in the decision above request for ruling #4(a) should have been given unqualifiedly as an accurate statement of law.
In denying request #4(b) the Court said “None of the evidence justifies a finding of voluntary waste on the part of the defendant”. The Court did not find as a fact “that the structure of the chandelier did not permit it to fall apart without the intervention of some act or force”. The request is based upon this finding of fact which the Court did not make. We can find no error in the denial of this request but in using the words “None of the evidence justifies a finding of voluntary waste on the part of the defendant” we are given some hint that the Court’s conclusion was based upon an erroneous view of the law that the evidence was insufficient to warrant the finding requested.
We think there is sufficient evidence to justify a finding of voluntary waste on the part of the defendant. To hold otherwise is comparable to holding that as a matter of law a verdict must be entered for the defendant. Hoffman v. Chelsea, 315 Mass. 54, 55.
*222 As was stated in the prior opinion rendered in this, case by this Appellate Division “the evidence presented a question of fact in the matter of liability for waste. The trial judge could have drawn inferences from which negligence could have been found”.
“A requested ruling that the evidence warrants a particular finding, though correct on the evidence, is rendered immaterial by a special finding or special findings contrary to that finding, permissible on the evidence, if it is made clear that such special finding' or findings were made by the judge on a consideration of the evidence and were not due to the erroneous view of the law that the evidence was insufficient to warrant the finding referred to in the requested ruling. The important thing is that this court shall be able to determine upon which theory the trial judge acted; on the theory that the evidence was insufficient to warrant the finding referred to in the requested ruling, or on the theory that the judge upon a consideration of the evi-. dence found facts contrary to the finding so referred to irrespective of the sufficiency or insufficiency to warrant that finding. If the judge acted on the latter theory, a ruling upon the sufficiency of the evidence was not material.” Cournoyer v. City of Holyoke, 314 Mass. 604, 605.
Request #6 was denied “as not being in accord with the facts as found”; but the Court found as a fact that the defendant’s son struck his head on the “drop” of the chandelier dislodging it from the fixture and that the daughter of the defendant did some cleaning on the chandelier just before it fell and was damaged. These are the facts the requested ruling is based upon and would warrant the conclusion the request asks, but we are forced to the conclusion that the judge came to his decision as a result of an erroneous view of the law and that there was insufficient evidence to warrant ¿ verdict for the plaintiffs and that
*223 his findings of fact have not rendered such an erroneous determination of the requests for rulings immaterial. Cournoyer v. City of Holyoke, supra. Brodeur v. Seymour, 315 Mass. 527, 529. Liberatore v. Town of Framingham, 315 Mass. 538, 541, 542. L. Grossman Sons, Inc. v. Rudderham, 319 Mass. 698, 699, 700.
The Court was in error in denying this request and the error was prejudicial. A new trial should be had. So ordered.