Coven, J.
This is a summary process action in which judgment for possession was entered, after trial, in favor of the plaintiff-landlord. The defendant-tenant has appealed pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8C.
The record indicates that Bessette Realty Trust is the owner of a twenty-two unit apartment building at 224 Massachusetts Ave. in Arlington, Mass. The defendant has been a tenant at that property since July 1,1996 under a Federal Section 8 Certificate Program. Section 9A of the parties’ written lease expressly provides for the termination of a tenancy on the grounds of a serious or repeated violation of the lease, violation of law in connection with the use or occupancy of the premises, criminal activity or other good cause. Section 9B defines “criminal activity” as including “[a]ny criminal activity that threatens the health, safety or right to peaceful enjoyment of the premises by other residents.”
On November 6, 1998, the defendant was served with a Notice to Quit which terminated his tenancy pursuant to Sections 9A and 9B of the lease for engaging in a “pattern of conduct” which threatened the “health, safety and right to peaceful enjoyment” of the premises of another tenant in the building (“the victim”). The Notice charged the defendant with harassing and stalking the victim for over a year and committing an assault and battery upon her. Three pages of the Notice of Quit were devoted to a detailed enumeration of specific incidents of the defendant’s annoying and intimidating conduct toward the victim, including the battery of October 29,1998.
Both the defendant and the victim, as well as the plaintiff, testified at trial. At the close of the evidence, both parties submitted requests for findings of fact and rulings of law. The trial court made findings and rulings in response to the defendant’s requests, deemed the plaintiffs requests waived and entered a finding for the plaintiff for possession.
1. There is no merit in the defendant’s principal contention that the court’s findings and judgment for the plaintiff were unsupported by the evidence.
Although not required to do so, see Tamber v. Desrochers, 45 Mass. App. Ct. 234, 238 (1943); Macone Bros. v. Strauss, 1997 Mass. App. Div. 95, 95, the trial judge made written findings of fact in the form of specific responses to each of the defendant’s forty requests for findings of fact. See Huikari v. Eastman, 362 Mass. 867 (1972). The judge’s findings establish that the defendant, even after being told to leave the plaintiff alone, telephoned, attempted to contact, stalked and followed the victim causing her serious alarm, and that he eventually committed an assault and battery upon her. These findings were amply supported by the victim’s testi *154 mony at trial, including her account of the events of October 29, 1998 when the defendant shoved her into a parked car outside the apartment building, followed her as she fled inside and slammed her against a wall.[2]
It is clear from the trial judge’s allowance of some of the defendants requests for findings of fact that the judge carefully and scrupulously considered the defendants testimony as well as the victim’s in arriving at his final judgment for the plaintiff. His findings rendered immaterial defendants request for ruling number 39,[3] and we do not construe the denial of that request as a ruling that the defendants evidence was legally insufficient. DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 102-103 (1975); Donahue v. Stevens, 342 Mass. 89, 92-93 (1961); Ricciardone v. Carvelli, 334 Mass. 228, 231 (1956); Kovacev v. Medford, 1995 Mass. App. Div. 77, 79.[4] Contrary to the defendant’s suggestion, the judge’s rejection of most of the defendants testimony, which directly conflicted with that of the victim, in no way establishes that the judge failed to consider properly all of the evidence adduced at trial. It is the duty of a trial judge to assess the credibility of each of the witnesses and to resolve conflicts in their testimony in making a determination of the relevant facts. Chester v. Medford, 1994 Mass. App. Div. 69, 70. The trial judge herein would not have been required to accept the defendant’s testimony even if it had been uncontra-dicted. Piemonte v. New Boston Garden Corp., 377 Mass. 719, 733 (1979); Palmer v. Murphy, 42 Mass. App. Ct. 334, 343 (1997).
2. There was also no error in the denial of the defendant’s pretrial motion to conduct a deposition of the victim.
Pursuant to Rule 7(a) of the Uniform Summary Process Rules, discovery in an eviction action is limited to written interrogatories, requests for admissions and requests for production of documents. The defendant served all three upon the plaintiff and obtained full responses. More extensive discovery not expressly authorized by the summary process mies, including a deposition, can be obtained under Rule 7(a) only upon a showing of “good cause” on a motion to the trial judge. The denial of such a motion must be sustained on appeal unless the ruling constituted an abuse of discretion amounting to prejudicial error. See Symmons v. O’Keeffe, 419 Mass. 288, 302 (1995), citing Bishop v. Klein, 380 Mass. 285, 288 (1980).
In his motion to depose the victim, the defendant argued that he needed to ascertain her account of conversations and interactions with him in order to prepare adequately for trial. This information had already been provided to the defendant, however, in the Notice to Quit, which detailed all instances of the defendant’s conduct which led to both this eviction and the criminal charges against him; and in discovery materials previously furnished, which included police reports of investigations of the charges and the victim’s written statement to the police. Moreover, the victim had already testified to the facts of the defendant’s conduct at a criminal clerk’s hearing at which both the defendant and his attorney were *155 present. The victim had also testified at a G.L.c. 276, §58A hearing against the defendant and had been cross-examined by defendant’s counsel. Thus as all information as to the grounds for eviction based on the victim’s charges had been provided to the defendant, there was no possibility of a surprise at trial for which the defendant would have been unprepared. Indeed, there were no surprises in the victim’s testimony, which described the events detailed in the Notice to Quit.
The defendant nevertheless argues on this appeal that he still needed to depose the victim to ascertain what he claims was her motive for lying, and to explore with the victim his story that they had some sort of personal or romantic relationship as evidenced by private information he had about her. The deposition sought by the defendant would thus have been directed solely to the issue of credibility rather than to the discovery of unknown facts. This is precisely the sort of issue, however, which is easily raised and determined at trial through cross-examination. It did not require still additional discovery in the form of a deposition in this case.
There was no abuse of discretion in the trial judge’s denial of the defendant’s motion to depose the victim.
Accordingly, the trial court’s judgment for the plaintiff is affirmed. The defendant’s appeal is dismissed.
So ordered.

 The victim’s allegations in fact resulted in criminal charges against the defendant for assault and battery and stalking. The defendant admitted to sufficient facts to support the criminal complaints, and the charges were continued without a finding.

 The request stated: ‘The evidence warrants a finding for the defendant on the plaintiffs claim for possession in this action.”

 As the Court stated in Cournoyer v. Holyoke, 314 Mass. 604 (1943): “A requested ruling that the evidence warrants a particular finding, though correct on the evidence, is rendered immaterial by a special finding or special findings, contrary to that finding, permissible on the evidence, if it is made clear that such special finding or findings were made by the judge on a consideration of the evidence and were not due to the erroneous view of the law that the evidence was insufficient to warrant the finding referred to in the requested ruling.” Id. at 605.