Brennan, J.
The defendant, Tamar Friedmann (“Friedmann”), appeals from the judgment entered in favor of the plaintiff, The Dolben Co., Inc. (“Dolben”), for possession of apartment 8-20C at 100 Memorial Drive in Cambridge, Massachusetts as well as unpaid rent and attorney’s fees totaling $42,131.80.
Proceedings in this summary process action spanned nearly a full year in the Cambridge District Court, consuming some twenty court dates from complaint filing on May 9,2005 to the defendant’s notice of appeal on May 8,2006. They included four days of a jury-waived trial spread over a five-month period. During the trial, the judge heard testimony from eight witnesses and received over sixty exhibits.
Although the proceedings in this case have been highly contentious, it is clear from the record that the following basic underlying facts are undisputed. Dolben manages 100 Memorial Drive Apartments, a building containing 261 apartments located along the Charles River in Cambridge, Massachusetts. Beginning September 15,2003, Friedmann rented a one-bedroom apartment on the 8th floor of the building under the terms of a one-year written lease, which she signed on September 10, 2003. Friedmann occupied the apartment on September 17, 2003. From virtually the moment she moved in, Friedmann complained about a host of issues, including: no blinds, no shades, no drapes, a missing air conditioner, a defective air conditioner, cockroaches, spiders, stuck and broken windows and screens, unpainted walls, holes in walls, crevices in walls, heat fluctuations, water temperature extremes, no dead bolt locks or peepholes on the entry door, “flimsy” door locks, only one phone jack, only one TV/Internet connection, and interior doors failing to open and close properly. Friedmann maintained that all of the problems remained unabated through the time of trial. Despite these alleged problems, Friedmann never complained to the Board of Health, although she did send numerous letters to Dolben requesting that the issues be addressed.
*2 In a letter dated June 24, 2004, Dolben offered Friedmann a new one-year lease for the same apartment at a rent of $1,775.00 per month. On September 15, 2004, Friedmann returned a signed copy of the lease to Dolben’s property manager, Ted Clark (“Clark”). However, she had made handwritten changes to the document that reduced the rent to $1,575.00. On October 3, 2004, Clark sent Friedmann a letter stating that she was not entitled to alter the proposed lease, and that she had become a month-to-month tenant at a rent of $1,825.00 per month. He further advised that she would be evicted if she did not agree either to the terms of the proposed one-year lease, or to the month-to-month tenancy. In response, Friedmann simply continued to pay $1,575.00 per month.
In December, 2004, Dolben filed a summary process complaint against Friedmann based on her alleged failure to pay rent in the amount of $4,090.95 for the previous two months. In February, 2005, Dolben dismissed the complaint. Friedmann continued to pay $1,575.00 per month for rent until May, 2005, at which time she began to withhold rent completely. Meanwhile, on March 28,2005, Dolben sent Friedmann a notice to quit seeking to terminate her tenancy at the end of the April, 2005 rental period. Dolben served Friedmann with the summary process summons and complaint that commenced this action.
In essence, Friedmann argues on this appeal that the trial judge erred by (1) declining to dismiss the case for improper service of process, (2) entering judgment for possession in favor of Dolben, (3) denying Friedmann’s counterclaims, (4) denying Friedmann’s request to continue a trial date, (5) failing to recuse himself, and (6) awarding Dolben attorney’s fees. We address each of these claims in succession.
1. Motion to Dismiss. Friedmann first claims that the trial judge should have dismissed Dolben’s action for its failure to serve her with the complaint in a timely manner. She submits that she only received service of process via first-class mail on May 4, 2005, which is less than the seven-day period prior to the entry date required by Uniform Summary Process Rule 2(b). In support of this contention, Friedmann cites as evidence the postage and company meter marks on the envelope containing the complaint and summons. In so doing, she ignores the judge’s evidentiary ruling excluding this information as hearsay.[1] In fact, there is record evidence that a constable left one copy of the document at Friedmann’s last and usual abode on May 2,2005, and mailed another copy to her by first class mail on the same day. It is the duty and province of the trial judge to assess the credibility of each witness, and thereby make a determination of the relevant facts. Harman v. Waugh, 2000 Mass. App. Div. 153, 154. Thus, the trial judge was entitled to reject Friedmann’s testimony that she did not receive the complaint left at her apartment and credit the evidence proffered by Dolben. George v. Quincy Co-op. Bank, 5 Mass. App. Ct. 771, 772 (1977). Accordingly, there was no error in the judge’s denial of Friedmann’s motion to dismiss.
2. Judgment for Possession in Favor of Dolben. Similarly, in support of her claim that the trial judge erred in awarding possession of the premises to Dolben, Friedmann *3 substitutes her version of the facts for those that were evidently found by the trial court. Friedmann correctly notes that it was Dolben’s burden to show proper service of the notice to quit. She even appears to acknowledge tacitly that the judge may have chosen to reject her testimony on the issue of receipt of the notice. Nevertheless, she claims that there was an insufficient basis for the judge to rule in favor of Dolben. The evidence on this issue included testimony and documentary exhibits indicating that one of Dolben’s concierges left the notice inside Friedmann’s apartment, that the notice was sent by Dolben’s legal counsel to Friedmann by Federal Express on March 28,2005, and that Dolben’s Assistant Property Manager put a copy of the notice either under Friedmann’s door, or in the doorjamb of her apartment. Given such testimony, the judge was certainly warranted in finding for Dolben on this issue. See Emmons v. White, 58 Mass. App. Ct. 54, 65 (2003), citing McCarthy v. Lane, 301 Mass. 125, 128 (1938). Friedmann also suggests that the notice to quit was deficient because references to her apartment as a Teased unit” made the notice ambiguous. This argument is utterly specious. The reference to the Teased unit” is simply descriptive. This type of notice follows the statutory requirements for terminating a tenancy-at-will under G.L.c. 186, §12. Dolben’s position, which the trial judge was entitled to accept, was that Friedmann had been aware of her month-to-month status for the six-month period following her refusal to accept the new lease on the landlord’s terms. Finally, on this issue, Friedmann avers that Dolben failed to reserve its right to collect rent under the notice to quit. Once again, whether by design or inadvertence, Friedmann ignores the evidence adduced at trial. Specifically, Dolben’s notice to quit included the following language:
Any money paid by you to your landlord after your receipt of the Notice will be accepted solely for use and occupancy of the leased unit pursuant to the Notice and without any intention of reinstating your tenancy, establishing a new tenancy, or waiving any rights to proceed with eviction.
On that basis alone, evidence of Dolben’s reservation of rights could not be clearer. See Corcoran Mgt. Co. v. Withers, 24 Mass. App. Ct. 736, 745 (1987). To submit otherwise is, at best, careless and, at worst, disingenuous and dishonest. In sum, on all the issues raised with respect to possession of the apartment, the trial judge’s findings were fully warranted by the evidence.
3. Counterclaims. The third ground on which Friedmann asserts error by the trial judge is his failure to award damages on her counterclaims. These counterclaims alleged various acts of misfeasance by Dolben. As to those claims that were dependent upon fact and credibility determinations by the judge, Friedmann again acknowledges the appropriate axiom, but apparently fails to grasp the point. She argues that “while the judge was not required to believe the tenant’s testimony, her counterclaims are in large measure supported by the testimony of the landlord’s own witnesses and documents” (emphasis added). Once again, without parsing the specifics of the lengthy testimony detailing Friedmann’s expressions of displeasure with the condition of the apartment (in which, incidentally, she still resides despite her continuous complaints) versus the testimony of Dolben’s witnesses to the contrary, a review of the record demonstrates that her argument is without merit. There was ample testimony to support the judge’s finding that Friedmann failed to demonstrate *4 either a material breach of the warranty of habitability, or of the covenant of quiet enjoyment implied in the rental of all dwellings. See Jablonski v. Clemons, 60 Mass. App. Ct. 473, 475 (2004). Moreover, even if Friedmann’s characterization of the quantum of evidence supporting each side is correct, the judge had the discretion to accept and credit the “small measure” of testimony that, Friedmann suggests, logically must have supported Dolben’s position. Similarly, the determination that Dolben neither engaged in unfair debt collection practices, nor sought to evict Friedmann as a reprisal for her complaints regarding her apartment, was well within the judge’s purview and fully supported by the trial record. See G.L.c. 186, §18.
As to those claims more dependent on legal analysis than on the factual record, Friedmann’s assertions are equally unavailing. While it is undisputed that Dolben faded to return the fully executed lease to Friedmann or otherwise comport with the letter of G.L.c. 186, §15D and 940 CMR 3.17(3) (c), Friedmann’s arguments fall short because she is unable to demonstrate any resulting harm. In relevant part, G.L.c. 186, §15D states: “Whoever violates any provision of this section shall be punished by a fine of not more than three hundred dollars.” A violation of this statute cannot be enforced by Friedmann, since the statute does not endow private citizens with a right of action for a breach of its provisions. The proper avenue for remedying a violation is to make a report to the Office of the Attorney General. To the extent that a G.Lc. 93A cause of action may exist for the alleged statutory or regulatory code violations, Friedmann would still be required to demonstrate a causal connection between such violations and an alleged harm. As the Supreme Judicial Court has stated, “[a] consumer is not... entitled to redress under G.L.c. 93A, where no loss has occurred. To permit otherwise is irreconcilable with the express language of G.Lc. 93A, §9....” Hershenow v. Enterprise Rent-a-Car Co. of Boston, Inc., 445 Mass. 790, 802 (2006). Here, both parties acted with the understanding that they were bound by the lease during the first year. Dolben never denied that it was bound by the terms, despite its failure to make a proper delivery of the signed lease. The failure of Dolben to follow the letter of the law with respect to execution of that expired lease is irrelevant to any of the issues that brought the parties’ dispute before the trial court. We certainly do not find that this conduct is the type of intentional or recklessly deceptive act proscribed by c. 93A. See Montanez v. Bagg, 24 Mass. App. Ct. 954, 955-956 (1987).
The trial judge erred, however, in rejecting Friedmann’s claim that Dolben’s imposition of a $35.00 application fee violated G.L.c. 186, §15B, entitling her to damages and to G.L.c. 93A relief. Section 15B(1) (b) prohibits landlords from requiring new tenants to pay moneys in addition to the first month’s rent, the last month’s rent, a security deposit, and the cost of purchasing and installing a new lock. Dolben argues that a landlord has a right to pass the reasonable costs of processing applications for potential tenants onto those seeking rental of a dwelling. Although an application fee may be reasonable and logical where landlords must, of necessity, incur such costs as advertising, credit and criminal history checks, and other expenses incidental to the review of potential tenants, there is no evidence in the record to suggest that Dolben charged such a fee to all potential tenants. Rather, it is apparent that the fee was charged to Friedmann once she agreed to lease the unit. This was a violation of G.L.c. 186, §15B.
Pursuant to 940 C.M.R. 3.17 (4) (a), a charge in excess of those permitted by c. 186, §15B is a violation of G.L.c. 93A. Here, as opposed to the G.Lc. 186, §15D violation *5 discussed above, there was some harm, albeit minimal. Thus, Friedmann is also entitled to c. 93A relief on this claim. While it would appear that charging a $35.00 application fee does not come close to the type of egregious behavior that would permit an award of punitive or multiple damages, see Carter v. Seto, 2005 Mass. App. Div. 62, 64-65, that question is one for the trial judge’s resolution. This case must be returned to the trial judge to permit Friedmann to seek those damages, costs and attorney’s fees solely associated with, and incurred as a direct result of, this particular unfair and deceptive practice. See Miller v. Risk Mgt. Found. of the Harvard Med. Insts., Inc., 36 Mass. App. Ct. 411, 421 (1994).
4. Request for Continuance and Sanctions. The record speaks for itself with respect to the length of time this case took to reach judgment. The number of continuances, the party requesting them, and the stated reasons for each delay were clearly docketed. A motion to continue a trial date is addressed to the sound discretion of the trial judge. A judge’s decision to deny a request for a continuance, or, in the alternative, to impose sanctions on the requesting party, is reviewed on an abuse of discretion standard. Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 401 (2005) (sanctions); Martin v. Roy, 54 Mass. App. Ct. 642, 645 (2002) (continuance). Although the trial judge had inherent authority to control his docket, he accommodated Friedmann by permitting her to choose a continuance date when she conveyed her concern that Jewish holidays be avoided. Notwithstanding Friedmann’s protestations to the contrary, the record is clear that it was she who requested the October 14, 2005 trial date. There was no pressure, expressed or implied, on her to select that date. When she appeared in court on the day she selected claiming that it, too, was a holiday, the judge acted well within his discretion in inquiring (1) why she did not convey this information at the time the date was chosen, and (2) why no advance notice was given to opposing counsel, or to the court. These appropriate and necessary questions do not suggest any underlying insensitivity or religious intolerance on the part of the court. It was incumbent, on the judge to assess the adequacy of Friedmann’s responses to his questions, and to impose any sanctions he thought just and reasonable. Based on our review of the proceedings, that is exactly what he did. The judge did not enter a default judgment based upon Friedmann’s refusal to proceed, compare Wilkinson v. Guarino, 19 Mass. App. Ct. 1021, 1024 (1985); Mullen Lumber Co. v. F.P. Assocs., 11 Mass. App. Ct. 1018, 1019-1020 (1981); rather, he allowed a continuance with reasonable costs assessed for the inconvenience to, and expense incurred by, Dolben. The fact that both parties may have previously requested continuances is immaterial to this analysis. There was no abuse of discretion.
5. Motion for Recusal. The standard of review of a judge’s denial of a recusal motion is ordinarily whether there has been an abuse of discretion. Demoulas v. Demoulas Super Mkts., Inc., 428 Mass. 543, 546 (1998). ‘The matter of recusal is generally left to the discretion of the trial judge, and an abuse of that discretion must be shown to reverse a decision not to allow recusal” (citation omitted). Haddad v. Gonzalez, 410 Mass. 855, 862 (1991). See also SJ.C. Rule 3.09, Canon 3(E)(1)(a). Friedmann requested that the trial judge recuse himself based upon his imposition of sanctions for the continuance she requested on October 14, 2005. As previously discussed, this was a reasonable measure, well within the judge’s discretion. There was no objective basis for a conclusion that the sanction order mandated, or even suggested, recusal. Friedmann also questions the judge’s impartiality based upon a *6 number of other rulings he made. Since these are raised for the first time on appeal, we do not consider them. Fidelity Mgt. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 200 (1996).
6. Attorney’s Fees. Under the traditional "American Rule” typically followed in this Commonwealth, a prevailing party is not entitled to recover attorney’s fees absent a specific statute, court rule, or contractual agreement. Preferred Mut. Ins. Co. v. Gamache, 426 Mass. 93, 95 (1997); Moeder v. Tolczyk, 2001 Mass. App. Div. 69, 71. The trial court awarded attorney’s fees based on a provision in the first lease agreement. However, this lease was never fully executed since Dolben failed to sign it. Dolben’s failure to return a signed copy of the lease rendered the provisions regarding costs and attorney’s fees unenforceable. Thus, the trial judge’s assessment of costs and attorney’s fees was error.
Accordingly, the trial court’s judgment for Dolben is vacated. We affirm the trial court’s rulings in favor of Dolben on its complaint for possession and for damages for unpaid rent, and vacate the court’s award of costs and attorney’s fees pursuant to the unsigned lease. We also affirm the court’s rulings in favor of Dolben on all of Friedmann’s claims except her claim for Dolben’s violation of G.L.c. 186, §1533, and return the case to the trial judge for an assessment of G.L.c. 93A damages, costs and reasonable attorney’s fees related to that single claim. The trial court shall also assess additional damages for Dolben for Friedmann’s continued use and occupancy of the premises during the pendency of this appeal as well as posljudgment interest. No Dist./Mun. Cts. R. A. D. A., Rule 26(a), costs of this appeal shall be taxed against either party, and no appellate attorney’s fees will be awarded.
So ordered.

 Unfortunately, this is characteristic of many of Friedmann’s arguments, which evidence a repeated refusal to accept the judge’s authority to make credibility determinations on disputed issues of fact and to issue legal rulings that do not necessarily comport with Friedmann’s views.