Rutberg, J.
After a two-day jury-waived trial of this residential construction case, judgment was entered in favor of the plaintiff-contractor on his complaint against the defendant-homeowners, and in favor of the homeowners on their counterclaim against the contractor. By way of this Dist./Mun. Cts. R. A D. A, Rule 8A, expedited appeal by the defendants, we are now presented with a single question for review: whether the trial judge erred in finding that the written contract between the parties complied with the provisions of G.L.c. 142A. We find that the contract does violate c. 142A and that a violation of that statute constitutes a violation of G.L.c. 93A, requiring an award of attorney’s fees for the homeowners.
The trial ended before the 2008 amendment to Mass. R. Civ. R, Rule 52, became effective.[4] The defendants submitted a 14-page set of requests for findings of fact and rulings of law, which the trial judge answered by endorsements in the margin. The trial judge also prepared an extensive memorandum of decision that set forth the reasons behind his decision, as well as some direct factual findings. See Stigum v. Skloff, 433 Mass. 1011 (2001). With reference to the case at hand, the defendants’ request number 17 asked for the following ruling of law:
By his actions and omissions, [plaintiff] deBettencourt has failed to comply with the provisions of G.L.c. 142A, Section 2(a), subsections (1), (2), (3), (4), (5), (6), and (8).
*184 The trial judge responded as follows:
Denied. I specifically find that the evidence does not warrant a conclusion that the plaintiff violated any provision of MGL c 142A Section 2 (a).
The requested ruling is framed as neither a “warrant,” nor a “required,” request; and the trial judge deemed it to be a “warrant” request. The evidence clearly allows, or warrants, a finding that the contractor did not comply with the provisions of G.L.c. 142A, §2(a); indeed, it requires the same. Section 2(a) of G.L.c. 142A begins by requiring that “[ejvery agreement to perform residential contracting services in an amount in excess of one thousand dollars shall be in writing.” The statute places the duty on the contractor of preparing the writing, as an owner could not reasonably be expected to know of the statute itself, let alone its specifics. Section 2(a) sets forth an extensive and detailed list of information that must be contained in the written agreement, as well as items that may not be contracted away.
During the oral argument of this appeal, the plaintiff-contractor’s attorney conceded, wisely we believe, that the agreement the contractor drafted omits several items that are required by G.Lc. 142A, §2. Among the items missing from the parties’ agreement, but required by statute, are: the contractor’s social security number, the date for completion of the work, the total cost of the work, a schedule of payments, the contractor’s registration number, and a recitation of the homeowners’ three-day right of rescission. In his appeal, the contractor contends that the “real world” should not subject every builder/contractor to the full brunt of remedies set forth in §9 of G.L.c. 93A for any violation of G.L.c. 142A, §2, however de minimis it may be. The language of the statute is clear and unambiguous: “Violations of any of the provisions of this chapter shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A.” G.L.c. 142A, §17. The contractor’s contention may more appropriately be directed to the amount of the award of the homeowners’ attorney’s fees rather than to the award itself. See The Dolben Co. v. Friedmann, 2008 Mass. App. Div. 1, 6.
The contractor also claims that the homeowners cannot be awarded their attorney’s fees because they did not send a formal demand letter pursuant to G.L.c. 93A, §9(3). This argument ignores the specific language of this subsection that states: “The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim. ...” Id. As noted above, the judgment that is the subject of this appeal was granted on the homeowners’ counterclaim.
This matter is returned to the trial court for further proceedings consistent with this opinion.
So ordered.

 The amended Rule 52 applies to all matters tried after March 1, 2008; this case was concluded on December 7, 2007.