LoConto, PJ.
This appeal requests our review of the correctness of the trial judge’s award of $1.00 for violations of Chapter 142A a law that regulates home improvement contractors. A history of the case, which was previously before this Division, is required for an understanding of this appeal. The plaintiff-contractor, Steven deBettencourt, d/b/a SMD Construction Company (“deBettencourt”), instituted a three-count complaint seeking money due for work performed for the benefit of the defendant-homeowners, Thomas E. Aronson and Mary H. Aronson (“Aronsons”). The Aronsons denied liability and counterclaimed for breaches of contract and warranty, along with misrepresentations and violations of Chapter 142A A bench trial was conducted during two days in the fall of 2007, and the trial judge issued a written memorandum of decision, with an order of judgment. Essentially, the trial judge found that deBettencourt was entitled to his claim of $18,476.00 for labor and material, and that the Aronsons were also entitled to $15,000.00, represented as “the amount reasonably necessary to correct the punch lists items, the water remediation in the basement ands [sic] to otherwise give the Aronsons the benefit of the work they expected from deBettencourt.” The trial judge did not rule that deBettencourt violated Chapter 142A Aggrieved by the decision of the trial judge not to find a violation of Chapter 142A, the Aronsons brought their first appeal. Accepting the facts found by the trial judge, this Division ruled, “The evidence clearly allows, or warrants, a finding that the contractor did not comply with the provisions of G.L.c. 142A §2(a); indeed, it requires the same,” and remanded the matter to the trial court for further proceedings. deBettencourt v. Aronson, 2009 Mass. App. *28 Div. 183, 184.
Following a hearing in response to this Division’s order, the trial judge endorsed a proposed order granting the Aronsons $5,000.00 in legal fees, adding “after hearing and reflection on decision by Appellate Division.” Thereafter, the Aronsons filed a motion seeking reconsideration and clarification of this order. After another hearing held on October 30,2009, the trial judge issued a memorandum of decision dated April 12, 2010, awarding the Aronsons $1.00 for violations of Chapter 142A, and $5,340.00 in attorney’s fees. Thereafter, the Aronsons filed a notice of appeal, and elected to file an expedited appeal pursuant to Dist./Mun. Cts. R. A D. A, Rule 8A Some procedural irregularities with this second appeal require comment.
1. As originally filed, the Aronsons’ second appeal concerned the trial courts failure to apply the applicable law in determining reasonable attorney’s fees. Specifically, the Aronsons alleged that the trial judge failed to assess reasonable attorney’s fees under the lodestar method where there existed clear violations of Chapter 93A. See Fontaine v. Ebtec Corp., 415 Mass. 309, 324-325 (1993). DeBettencour t filed an objection to Aronsons’ expedited appeal, which was met with a motion by the Aronsons to vacate deBettencourfs objection. Thereafter, the court conducted two hearings, and as a result, the parties agreed, and the court acquiesced, to a stipulation that the sole issue on appeal would not be the reasonableness of attorney’s fees, but “whether the court as a matter of law erred when the Court in its Memorandum of Decision dated April 12, 2010 awarded $1.00 to the defendants since, according to the Court, violations of G.L. Chapter 142A did not result in the damage incurred bathe defendants/home owners for which damage the Court awarded the defendant’s $15,000.” In their briefs and during their oral arguments, counsel limited themselves to the single issue of the appropriateness and adequacy of the award of $1.00 in damages to the Aronsons for violations of Chapter 142A, and specifically requested that the issue of the award of attorney’s fees be reserved for further appeal.
Rule 8A(b) of the Dist./Mun. Cts. R. A D. A is clear. “If any party objects to the contents of the expedited appeal, said party, within ten days of filing, shall file in the trial court and serve upon the other parties a written statement of the objections. The timely filing of objections shall automatically terminate further proceedings under this rule.” Additionally, the comments advise that under this rule, the issues stated in the notice of appeal may not be added to in an expedited appeal. Here, deBettencourfs objection to the Aronsons’ designation of the method of appeal not only failed to result in the termination of this method of appeal, but led to an agreement by the parties and the court to settle upon an issue not addressed in either the notice of appeal or the appeal itself. Notwithstanding the failure to comply with the rule, we will address the issue so agreed upon, but we are not restrained from addressing other issues necessary for a resolution of this appeal.
Established in 1991, G.Lc. 142A, entitled “Regulation of Home Improvement Contractors,” compels the registration of home improvement contractors with a state agency, establishes specific requirements for agreements between the contractors and homeowners, and provides homeowners -with remedies for the enforcement of the requirements imposed upon the contractors pursuant to this law. The law provides that an agreement must be in writing if the amount of the contracting services exceeds $1,000.00, and must contain various items of information about the *29 work to be done, and information about the contractor. G.L.C. 142A, §2(a). The law permits the homeowner to enforce violations of the law in a court action to enjoin said violations and to require the contractor to complete the work. Additionally, the law permits the homeowner to seek recovery for any damages sustained as a result of the contractor’s violation. G.L.c. 142A §3 (a). Violations of any provision of this law shall constitute an unfair or deceptive act under the provisions of G.L.c. 93A, permitting the homeowner to seek double or treble damages, plus attorney’s fees. G.L.c. 142A §17.
However, an establishment of an unfair or deceptive act or practice standing alone does not entitle homeowners to recover damages unless the homeowners prove that there exists a causal connection between the illegal acts and the homeowners’ injury or loss. Kohl v. Silver Lake Motors, Inc., 369 Mass. 795, 800-801 (1976). In order to recover damages, the homeowners would have to prove that the alleged loss was foreseeable as a result of the unfairness or deception. PDM Mechanical Contrs., Inc. v. Suffolk Constr. Co., 35 Mass. App. Ct. 228, 237 (1993). Here, the trial judge awarded the Aronsons $15,000.00, “which represents the amount reasonably necessary to correct the punch list items, the water remediation in the basement ands [sic] to otherwise give the Aronsons the benefit of the work they expected from deBettencourt. The only acts found to be unfair consist of the failure of the written contract to contain the contractor’s social security number, the date for completion of the work, the total cost of the work, a schedule of payments, the contractor’s registration number, and a recitation of the homeowners’ three-day right of recission.” The record does not show that the Aronsons’ damages resulting from the faulty work were attributable to deBettencourt’s violations of Chapter 142A. Under G.L.c. 93A, §9(1), deBettencourt is liable for damages if the Aronsons “ha[ve] been injured by” the contractor’s use of a deceptive act or practice. There must be a connection between the contractor’s unfair or deceptive conduct and the homeowners’ loss. And only those losses sustained by the homeowners that were the foreseeable consequence of the contractor’s conduct should be recoverable. Kohl, supra at 801. Therefore, none of the $15,000.00 awarded the Aronsons represents “injury actually suffered” under G.Lc. 93A, and no other damages that were the foreseeable consequence of the contractor’s conduct were found. Accordingly, the Aronsons are not entitled to additional Chapter 142A damages.[3]
2. Attorney’s fees. The parties have attempted to limit this Division’s review by stipulating that the only issue on appeal is the correctness of the trial judge’s award of $1.00 in favor of the Aronsons on their counterclaim for a violation of Chapter 142A Our decision compels us to visit the $5,340,00 in attorney’s fees awarded by the trial judge. Pursuant to G.L.c. 93A, §9(4), a petitioner shall be awarded reasonable attorney’s fees “in addition to other relief provided for by this section.” That is, a petitioner “must be entitled to relief in the form of actual damages, minimum statutory damages of $25, or equitable relief in order to recover attorney’s fees.” H.J. ALPERIN & R.E CHASE, CONSUMER LAW §4.66, at 360 (2d ed. 2001). “[Rjelief solely in the *30 form of attorneys’ fees may not be had.” Jet Line Servs., Inc. v. American Employers Ins. Co., 404 Mass. 706, 718 (1989). Where we have concluded that the Aronsons suffered no loss of money or property as a result of the contractors’ violation of Chapter 142A, they are not entitled to an award of attorney’s fees.
3. Order of Judgment. The trial judge found that deBettencourt was entitled to an award of $18,476.00 for unpaid labor and material. He also found that the Aronsons were entitled to an award of $15,000.00 in damages as indicated. The trial judge went on to offset the awards and order that judgment enter in favor of deBettencourt for the difference. Rule 58 of the Mass. R. Civ. P. governs the entry of judgments. The rule requires that every judgment shall be set forth on a separate document. Although the claims of both parties are related in fact, the relief ordered by the trial judge entailed distinct dispositions requiring separate judgments. Separate judgments would properly reflect the decision reached by the trial judge in deciding the respective claims.
Therefore, we vacate the $1.00 finding for the Aronsons on their counterclaim alleging a violation of Chapter 142A, and vacate the award of $5,340.00 in attorney’s fees. We order that judgment enter for deBettencourt in the amount of $18,476.00, plus costs and interest, and a separate judgment enter in favor of the Aronsons on their counterclaim in the amount of $15,000.00, plus costs and interest.
So ordered.

 The Aronsons are not entitled to the minimum damages of $25.00 where they have failed to show that they have been injured by an act or practice made unlawful under Chapter 93A Leardi v. Brown, 394 Mass. 151, 165 (1985).