Pierce, J.
In this summary process action, the jury returned a verdict in favor of the landlord, plaintiff Gaetano Ciriello (“Ciriello”), for possession of the premises at 148 Elm Street, Everett, Massachusetts (the “premises”).[1] The defendant-tenant, Linda A Fortin (“Fortin”), has appealed the trial court’s denial of her motion to dismiss brought on the ground that Ciriello had “movjed] prematurely to evict the Tenant before the expiration of the lease period, without stating any cause for termination.”[2] We agree with Fortin that Ciriello failed to provide the required notice prior to terminating the lease and vacate the judgment for Ciriello.
As in any summary process action, it was an essential element of the landlord’s case to prove service of a valid notice to quit. Connors v. Wick, 317 Mass. 628, 631 (1945). See Dolben Co. v. Friedmann, 2008 Mass. App. Div. 1, 3. To be effective, a notice to quit must be timely, in compliance with both the terms of the lease and the requirements of law. The timing of a notice to quit depends on the stated reason for the termination. Where a landlord seeks to terminate a lease for nonpayment of rent, the notice to quit must be provided fourteen days in advance of the termination of the tenancy. G.L.c. 186, §11. Otherwise, the notice must conform to the requirements of the particular lease. The landlord is confined in his summary process action to whatever ground was assigned in the notice to quit. Strycharski v. Spillane, 320 Mass. 382, 384-385 (1946).
The lease at issue in this case is a Section 8 Housing Choice Voucher Program Model Dwelling lease (the “lease”). Fortin and Ciriello entered into the lease on October 15, 2007. The initial term of the lease was twelve months, beginning November 1, 2007 and ending October 31, 2008. By its terms, the lease would “self- *168 extend at the end of the initial and each successive lease term under the same terms and conditions as the initial Lease ... for one year periods.” The termination provisions of the lease provide for the fourteen-day notice period referred to above, thirty days for breach of any term of the lease, and, in addition, that “[t]he Owner may elect not to extend the lease at the end of the initial term, or at the end of any subsequent term, by giving the Tenant written notice of the election not to extend. The Owner need not have, and need not specify, any grounds for such election. Such notice must be given at least 30 days or a rental period in advance of the last day of the lease term, whichever is greatef’ (emphasis added).
On July 8,2009, counsel for Ciriello wrote to Fortin, advising her that the “owner hereby elects not to extend the lease term ... as the same may have been modified, amended, extended or otherwise supplemented by any writing, contract or agreement between the parties.” The notice asked that Fortin “deliver up [the premises] at the end of the current lease term.” On July 23, 2009, Ciriello agreed in writing to reinstate the lease, declaring “null and void” the earlier notice of termination and establishing a new termination date of December 31, 2009. On that date, the lease was extended by its own terms to December 31, 2010. On February 10, 2010, counsel for Ciriello wrote again to Fortin to advise her that the “owner elects not to extend the lease terms.” This notice asked Fortin to “quit and deliver up at the end of the next month of your tenancy beginning after this notice, the premises now held by you as a tenant.” In effect, this notice to quit demanded that Fortin vacate the premises by March 31, 2010. Neither the July 8, 2009, nor the February 10, 2010, notice to quit alleged nonpayment of rent or any other cause for termination oí the lease. Instead, both notices stated that the “owner hereby elects not to extend the lease term.”
Ciriello had the right to terminate the lease, as he did, without specifying any grounds, but only at the end of the lease term. His July 23, 2009 written “reinstatement” of the lease extended the term until December 31, 2009. On that date, as noted, the lease was automatically extended until December 31, 2010. In the February 10,2010 notice, Ciriello invoked his right not to extend the lease term, but improperly instructed Fortin to quit the property at the end of March, 2010. Thus, the February 10, 2010 notice to quit, upon which this summary process action by Ciriello was based, was invalid. The judgment for Ciriello is vacated, and this summary process action is dismissed.[3]
So ordered.

 The jury declined to award damages, and also found in favor of Ciriello on the tenant’s claim that he had breached the implied warranty of habitability.

 At trial, Ciriello was represented by counsel; Fortin proceeded pro se. On this appeal, both parties are acting pro se. Ciriello made no written submission in connection with this appeal. As indicated in that part of the trial transcript made a part of the appellate record, Fortin questioned the validity of the notice to quit during the trial. At the close of the evidence, Fortin also asked the trial court to direct a verdict in her favor “based on the law and evidence.” That request was denied. Fortin’s motion to dismiss was filed twelve days after trial and denied eight days later, on June 9, 2010.

 Fortin raises other issues on appeal. First, she alleges error as to the jury instruction regarding retaliation. Because the appellate record is contradictory as to whether Fortin pled retaliation as an affirmative defense pursuant to G.L.c. 239, §2A, or as a counterclaim pursuant to G.L.c. 186, §18, we are unable to address the claim. Fortin also challenges the jury instruction regarding the alleged breach of the implied warranty of habitability and the trial court’s denial of her motion for a directed verdict based on that alleged breach. Because we vacate the judgment on other grounds, we need not address the first of these claims. As to the motion for directed verdict, the trial court should leave issues relating to the credibility of witnesses *169 or the weight of the evidence for the jury. Scott v. Boston Hous. Auth., 56 Mass. App. Ct. 287, 294-295 (2002). Where there are discrepancies in the evidence, the better practice is to allow the case to be decided by a jury. Feltch v. General Rental Co., 383 Mass. 603, 611-612 (1981). Here, the record includes conflicting evidence concerning the condition of the premises. While Fortín alleged that there were insects, rodents, leaking pipes, trash and other problems, she also admits that certain of those conditions were corrected. Ciriello denied Fortin’s allegations regarding habitability. Accordingly, the question was properly put to the jury and there was no error in the denial of the motion for a directed verdict.